(Nos. 11751-11752.—Reversed and remanded.)

THE CITY OF CHICAGO *vs.* JAMES F. LORD *et al.*—(KAL KALISH, Appellant, *vs.* ABRAHAM PRIESS, Appellee.— Same Appellant *vs.* Same Appellee.)

*Opinion filed December 19, 1917.*

1. EMINENT DOMAIN—*when judgment awarding compensation for property taken is not an adjudication as to ownership of award.* Where compensation is awarded in a special assessment proceeding for damages for property taken for a public improvement, in which proceeding both the occupant and the owner of the property are made parties, the judgment for compensation to the owner and to the parties interested is not an adjudication as to the ownership of the award nor as to its division among said parties.

2. SAME—*when motion to vacate order dismissing petition for division of compensation should be allowed.* Where an appeal from a judgment awarding compensation for property taken has not been disposed of by the filing of the final order with the clerk of the lower court that court is. without any jurisdiction to make any order, and a motion to vacate said court's order dismissing an inter-. vening petition for a division of the compensation should be allowed notwithstanding the petition was filed by the party who appealed from the judgment awarding compensation.

3. SAME—*when perfecting of an appeal will not waive a motion to vacate order dismissing a petition for division of compensation.* The perfecting of an appeal from an order dismissing a petition for division of compensation for the taking of property by eminent domain will not waive a motion to vacate said order where the appeal is not perfected until after the motion is made and denied.

4. SAME—*when a division of compensation awarded for taking property cannot be made on appeal.* On an appeal from an order denying a motion to vacate an order dismissing appellant's petition

for a division of compensation awarded for taking property by eminent domain the appellant's interest in the compensation cannot be determined, where the appeal is taken on the valid ground that the motion to vacate should have been allowed because the lower court had no jurisdiction to entertain the petition.

5. APPEALS AND ERRORS—*jurisdiction of lower court ceases when appeal is perfected.* Where an appeal is perfected the jurisdiction and control of the court below cease and the appeal becomes a stay of all proceedings to enforce execution of the judgment or decree.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

SMITH, FAKE, LEVINSON & HOFFMAN, (GEORGE A. MASON, of counsel,) for appellant.

SIMEON STRAUS, and IRA E. STRAUS, (MANCHA BRUGGEMEYER, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Chicago levied a special assessment to pay the cost of widening and otherwise improving Twelfth street. In a judgment of confirmation rendered by the superior court of Cook county on July 5, 1916, an award of compensation for property taken and damages to property not taken was made to the owner of and parties interested in the north forty-two feet of a sub-lot in Brand's addition to Chicago. From this judgment Kal Kalish appealed to the Supreme Court. On February 21, 1917, the judgment was affirmed. Later a petition for rehearing was filed, which was denied at the April term, 1917. In the meantime, on February 24, 1917, Kalish filed an intervening petition in the superior court in the original assessment proceeding, praying for a division of the compensation and damages awarded between him and Abraham Priess. A hearing was had on this petition on March 22, 1917, and a judgment was rendered against Kalish, from which he prayed an appeal, which was allowed. On March 30 Kalish entered a motion to vacate the order of March 22 and expunge from the rec-

ord all proceedings on his petition of February 24, which was continued until April 30, when it was denied, and Kalish prayed for and was allowed an appeal to this court. This appeal is No. 11,751. Afterward the appeal from the order of March 22 was perfected but was not prosecuted, and at the June term it was dismissed for failure to file a transcript of the record. On June 12, on the petition of the city of Chicago, an order was entered authorizing it to deposit the amount of the award for the property with the county treasurer of Cook county for the parties interested in the property, and on June 13 an order was entered authorizing the city to take possession of the property. On June 29 Priess filed a petition for the payment of the whole amount of the award to him. Kalish appeared in opposition to the petition, and upon a hearing on July 3 the court ordered the whole amount of the award paid to Priess. Kalish appealed from this order, his appeal being No. 11,752 in this court. The two appeals were argued and will be disposed of together.

The appellee insists that the judgment of July 5, 1916, was a final order which adjudicated that Kalish had no claim to any part of the award. Kalish was a tenant in possession of a part of the property and Priess was the owner of the fee. They were both parties to the special assessment proceeding, the former as occupant and the latter as owner, and the award was to the owner and parties interested for the entire amount of the compensation and damages. It did not purport to make any finding as to the ownership or any division of the compensation and damages. Kalish's appeal simply brought up the question of the amount of compensation as between the city and the persons interested in the land without any reference to its division among the latter, and there was no adjudication as to such division.

The ground of the appellant's motion to set aside the order of March 22 finding that he had sustained no dam-

age to his leasehold interest was, that the superior court was without jurisdiction of the subject matter because of the pendency of the appeal from the judgment of July 5, 1916. The effect of that appeal was to suspend all proceedings to enforce the judgment. When an appeal is perfected the jurisdiction and control of the court below cease and the appeal becomes a stay of all proceedings to enforce the execution of the judgment or decree. (*Ambrose* v. *Weed*, 11 Ill. 488; *Jenkins* v. *Jenkins*, 91 id. 167; *People* v. *Prendergast*, 117 id. 588; *Cowan* v. *Curran*, 216 id. 598.) The appeal left the superior court without power to make any further order in the enforcement of the judgment. The jurisdiction of the Supreme Court was exclusive and did not cease upon the entry of the judgment of affirmance. The appellant had still the right to apply for a rehearing of the cause. The Practice act provides in section 112 that upon the filing of a copy of the order of the Supreme or Appellate Court affirming a judgment, in the office of the clerk of the court from which the case was originally removed, execution may issue and other proceedings may be had thereon as if no appeal had been prosecuted. Until this was done the court was without jurisdiction to entertain the petition of the appellant. The order of March 22 having been made without jurisdiction, the appellant's motion to vacate it should have been allowed. The fact that the order was made on the petition of the appellant does not affect the question, for he could not confer on the court power to act in a matter beyond its jurisdiction. No appeal from the order of March 22 was pending until after the motion of March 30 was denied. The perfecting of the appeal from the order did not, therefore, waive the motion to vacate, which had already been decided by the court.

The appellant insists that the trial court could not order the entire amount of the award paid to the appellee until the interest of the appellant had been determined upon his appeal No. 11,751. The question of the appellant's interest

281 — 27

cannot, however, be determined in that appeal. That appeal is based upon the proposition that the court was without jurisdiction of the intervening petition, and we agree with that position. The only effect of reversal would be to require the dismissal of the petition. Since all the proceedings upon this petition were without jurisdiction the court should have ignored them. It did not do so, but, without the introduction of any other evidence of his exclusive ownership than the order of March 22, ordered the payment to Priess.

The orders appealed from will be reversed and the cause remanded, with directions to sustain the motion to vacate the order of March 22, 1917, to dismiss the intervening petition of the appellant and to proceed to a hearing upon evidence on the petition of the appellee for payment of the award.              *Reversed and remanded, with directions.*