### Armand Bollaert, Appellee, v. Kankakee Tile and Brick Company, Appellant.

### Gen. No. 9,812.

DOVE, J., dissenting.

Opinion filed
December 22, 1942.

WAYNE H. DYER, of Kankakee, for appellant;
WAYNE H. DYER, of Kankakee, of counsel.

BENJAMIN GOWER, of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the
court.

The Kankakee Tile and Brick Company, a corpora-
tion of Kankakee county, is a manufacturer of build-
ing and drain tile and pulverized clay used in making
roofing paper and similar products. The appellee was
employed by the defendant company as a salesman
and a chemist. He commenced his work in October
1936, and continued in the defendant's employ until
November 1, 1937. The appellee started a suit against
the appellant in the circuit court of Kankakee county,
alleging that there was due him the sum of $902.01.
He filed a copy of the account sued upon, which is
treated as "an account stated." There was no written
contract between the parties.

The defendant filed an answer admitting that the
plaintiff was employed by and worked for them on a
salary, expense and commission basis, but they denied
that there was ever an account stated between the
parties. They filed a counterclaim, in which they
claimed that the plaintiff had been overpaid by the
defendant. The case was tried before the court with-
out a jury which found the issues in favor of the plain-
tiff, and entered judgment in his favor for the sum of
$600. It is from this judgment that the appeal is
prosecuted.

The judgment was entered on March 16, 1942. The
defendant filed a notice of appeal to the Appellate

Court on April 4, 1942, and on April 8, 1942, filed an appeal bond, which was conditioned on payment of the judgment in case the judgment should be affirmed. This bond was approved by the trial judge on April 16, 1942. The plaintiff, now appellee, on April 10, 1942, filed a notice of cross-appeal and a praecipe for an additional record. On April 11, the plaintiff filed a motion for leave to amend his complaint. The defendant objected to the motion, alleging that the court had lost jurisdiction to enter any order herein to amend the pleading in the case; since notice of appeal had been filed before the motion was presented. The court overruled the objection and allowed the amendment to be made. An appeal has been prosecuted to this court by the defendant, and cross-appeal by the plaintiff.

It is insisted by the appellant that the court had lost jurisdiction of the subject-matter of the suit after the notice of appeal had been filed. The appellee relies upon several Appellate Court cases; one, *Jackson v. Jackson*, 294 Ill. App. 552, which this court decided, where it is stated: "The statute expressly provides that where an amendment is germane to the original bill and is presented for the purpose of making the allegations of the bill to comply with the proof, then the court's refusal to grant such amendment constitutes an abuse of the trial court's discretion if he does not allow the amendment." This case was cited with approval in *Wiedow v. Ellen Alden Carpenter*, 310 Ill. App. 342. An examination of these cases and others that have passed upon the question, discloses that the motion to amend the pleading was made before final judgment had been entered. In these cases the motion was made before the judgment would have become final under our statute, where it is provided that judgments shall become final after the expiration of 30 days after the judgment is entered.

Section 3 of section 170, chapter 110 of Smith Hurd's Ann. Stats. [Jones Ill. Stats. Ann. 104.046] provides: "A pleading may be amended at any time before or after judgment to conform the pleadings to the proofs, upon such terms as to cost and continuance as may be just." In interpreting this section of the statute, another section of the statute must be considered in conjunction with it. Subsection 2, of section 200 of chapter 110 of Smith Hurd's Ann. Stats. [Jones Ill. Stats. Ann. 104.076] provides: "An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court." It will be observed that before the motion was made to amend the pleadings in this case, both the appellant and appellee had filed a notice of appeal and the appellant had filed an appeal bond, which had been approved by the trial court. In *Cowan v. Curran,* 216 Ill. 598, it is stated: "The decree in this case, which is appealed from, was entered on May 3, 1905, and the appeal was perfected by the filing of the appeal bond on May 12, 1905. This appeal operated as a supersedeas, and its effect was to stay further proceedings until it was dismissed. The appeal having been thus perfected, the jurisdiction of this court over the subject matter and the parties attached, and the trial court had no power to render any further decision, affecting the rights of the parties in the cause, until it should be remanded. When an appeal is perfected, the jurisdiction and control of the court below cease, and the appeal becomes a stay of all proceedings to enforce the execution of the judgment or decree. Consequently, the proceedings in the lower court in June, 1905, after the present appeal was perfected by the filing of a bond, can have no effect upon the decision of this cause." This case has been cited with approval in *People v. David,* 328 Ill. 230, and *City of Chicago v. Lord,* 281 Ill. 414. It is true that these cases were de-

cided before the present practice act was passed, and a different mode of appeal now prevails in our Supreme and Appellate Courts, but the principle of law involved is the same. It is our conclusion that the trial court was without authority to allow the amendment presented by the plaintiff appellee.

The appellee insists that it makes no difference whether the court erred or not, as the court could have made the same decision on the original pleading. With this contention, we cannot agree. If there was an account stated as contended by the plaintiff, he was entitled to the full amount of his claim. That the case was tried on the theory of an account stated by the plaintiff is borne out by the abstract on pages 36 and 37, in which the attorney for the plaintiff interrogated him in regard to the customary and usual salary paid for such services he had rendered, and the attorney for the defendant objected to the question on the ground that it was a suit on an account stated. The court asked the question: ''Is there any proof by the defendant of any kind, attacking his capacity to earn Two or Three Hundred Dollars per month?'' The court proceeded further: ''I don't see its competency under your theory of the case. You are traveling on an account stated. Objection sustained.''

It is our conclusion that the judgment of the trial court is not sustained by the proof and that the amendment to the pleading should not have been allowed. The judgment of the trial court is hereby reversed, and the cause remanded.

*Reversed and cause remanded.*

MR. JUSTICE DOVE dissenting: In my opinion the trial court did not err in permitting the amendment to be made by the plaintiff on April 11, 1942. The statute expressly so provides. I therefore respectfully dissent.