## Charles Houck et al., Appellees,. v. Benjamin D. Herrick, Appellant.

### Gen. No. 5,704.

1. FUTURE INTERESTS—*when legacy does not violate law of perpetuities.* A legacy which is made a charge on certain real estate and is to be paid by the devisee of the fee within three months after the administration of the estate is closed, provided there is no litigation affecting the title of the devisee, is an absolute gift, with the time of payment only postponed and does not violate the law of perpetuities.

2. FUTURE INTERESTS—*when legacy vests.* Where futurity is annexed to the substance of a gift, the vesting is suspended, but if it appears to relate to the time of payment only, the legacy vests *instanter.*

3. WILLS—*where land is charged with legacies.* Where a devisee takes the fee charged with certain legacies she becomes personally liable to pay them.

4. WILLS—*right to enforce legacy charged on land.* A legacy charged on land may be enforced in equity by proceedings analogous to foreclosure of a mortgage without resorting to the personal liability of the devisee.

5.  Wills—*who may be defendants in a bill to enforce payment of legacies charged on land.*  In a bill to enforce payment of certain legacies charged upon land, a devisee who has sold her interest is properly made a codefendant with the owner and it is error to sustain her demurrer to the bill.

6.  Wills—*when land is insufficient to pay legacies.*  In a bill to enforce payment of certain legacies charged upon land, a devisee who has sold her interest, may be liable for the deficiency if the amount of the legacies is not raised by the sale of the land.

7.  Wills—*purchaser of land charged with legacies assumes no personal liability.*  Where a testatrix devises certain land to her husband for life and the remainder in fee, charged with certain legacies, to her niece and the husband renounces the will and takes one half as heir, he assumes no personal obligation to pay the legacies by purchase of the other half.

8.  Wills—*legacies.*  A testatrix has no power to charge the half of her estate that goes to her surviving husband on his renouncing the will, with the payment of legacies and the attempt to do so· only effects a charge on the half that she has power to so charge.

9.  Wills—*when legacies are a charge on part of land.*  In a bill to enforce payment of certain legacies, where a husband renounces his wife's will and as heir takes one-half of certain land charged in the will with the legacies, and purchases the other half from the devisee, it is error to order a sale of the whole tract since the legacies were only a charge on half of it.

10.  Equity—*power of court to adjust equities on renunciation of a will.*  Under R. S. chap. 3, sec. 79, courts have power to adjust equities arising among legatees from the renunciation of a will.

Appeal from the Circuit Court of Woodford county; the Hon. George W. Patton, Judge, presiding.  Heard in this court at the October term, 1912.  Reversed and remanded.  Opinion filed March 12, 1913.

Harry Thom and A. F. Goodyear, for appellant.

John F. and Vance C. Bosworth, for appellees.

H. E. Torrance, for appellee, Lizzie Grove Ryan.

Mr. Justice Carnes delivered the opinion of the court.

Emily Houck Herrick, a resident of Woodford county, Illinois, died November 16, 1909, testate, owning certain real estate, including the west half of the

southeast quarter and the southeast quarter of the southeast quarter of section six, township twenty-eight, north range one, in said county, also described as the old home farm. Her will was duly probated in the County Court of Woodford county and her estate declared settled. By the fifth clause of her will, she gave to her husband, Benjamin D. Herrick, in lieu of all his statutory rights in her property, this and other real estate "for and during his natural life, or so long as he remains a widower." By the sixth clause she provided that upon the termination of said estate of her husband, by his death, her nephew, William E. Herrick should have an estate for his life in said home farm, but if the estate of her husband be terminated in any other manner than by his death, then the sixth clause to be null and void. By the seventh clause she devised the remainder in fee of said home farm to her niece, Lizzie Grove Ryan, or in case of her death to her descendants, "subject, however, to certain legacies named in the next clause of my will, which I make a charge upon said real estate so described." By the eighth clause she bequeathed to the children of her deceased brother, John Houck, each the sum of $200, and directed "that it be paid to them, and each of them, by the owner or owners of the fee of the premises last described in the proportion to their interest therein within three months after the administration of my estate is closed," and provided there be no litigation then pending affecting the title of Lizzie Grove Ryan, or her descendants, in said premises. The will contained other provisions giving other property to these and other persons named. The six children of the brother, John Houck, filed an amended bill to enforce payment of their legacies of $200 each, making defendants thereto Benjamin D. Herrick and Lizzie Grove Ryan. In their bill they recite the will; aver the death of testatrix, leaving no child or descendants; probate of the will; the close of

the administration of the estate; the renouncement of the husband of the provisions of the will in his favor, and election to take his legal share of the estate; the conveyance of Lizzie G. Ryan by quitclaim deed of her interest in said home farm to the husband, Benjamin D. Herrick, all more than three months before the filing of the bill; and that no litigation is or has been pending affecting the title of Lizzie G. Ryan in said land. Aver that said $200 legacies have not been paid, nor any part thereof, though demanded of said Benjamin D. Herrick and Lizzie G. Ryan, but that each had refused to pay said legacies, or any part thereof and still refuses; pray that Benjamin D. Herrick and Lizzie G. Ryan be required to pay said legacies, and in default, said premises or so much thereof as may be necessary, be sold to pay the same; and for general relief.

The defendants, Lizzie G. Ryan and Benjamin D. Herrick, each demurred to this bill. The demurrer of Lizzie G. Ryan was sustained by the trial court and bill dismissed as to her; the demurrer of Benjamin D. Herrick was overruled he elected to stand by his demurrer and the court entered a decree finding that upon the renunciation of Benjamin D. Herrick, he, and Lizzie G. Ryan, became seized in fee of said premises, each an undivided half thereof; that by the quitclaim deed from Lizzie G. Ryan to Benjamin D. Herrick, he became the sole owner of said premises and was such owner at the time of the closing of the administration of the estate and was the "owner or owners" of the fee named in the eighth clause of the will and required to pay said legacies; ordered that he pay said legacies within thirty days and costs of suit, and that in default, said premises, or so much thereof as may be necessary, be sold by the master in chancery to satisfy said decree. Benjamin D. Herrick appeals and assigns as error the overruling of his demurrer and the sustaining of the demurrer of Lizzie G. Ryan; the

complainants assign as cross error the action of the court in sustaining the demurrer of Lizzie G. Ryan and dismissing the bill as to her.

The facts presented by the bill, so far as they affect the question at issue briefly stated, are: That testatrix owning the home farm in question, devised the fee to Lizzie G. Ryan, subject to an estate for life or years in her husband, Benjamin D. Herrick, and gave $1,200 in legacies to the six complainants and expressly charged them on said land and not on the interest of either party in the land, but provided that the owner of the fee, should pay said legacies "within three months after the administration of my estate is closed, provided that there is no suit or proceeding then pending, regarding or affecting the title therein of Lizzie Grove Ryan   *   *   *,  and if there be any such suit or proceedings then pending, then within three months after its final determination."

It is argued by appellants that said legacies are void under the law of Perpetuities as the time fixed for payment might possibly have been delayed beyond the period limited by law; that Lizzie G. Ryan having accepted the provisions of the will in her favor, became personally liable to pay the legacies and there being no averment that she is insolvent, appellees have an adequate remedy at law, and a court of chancery is without jurisdiction in the matter; or if jurisdiction is entertained then she should be held primarily liable to pay the same and is a necessary party to the suit; that appellant having renounced the provisions of the will in his favor is in no way bound by any of its provisions; that there is no personal liability on him to pay the legacies, and even if they are treated as a charge on the land, it would only be on the half of the land that he procured by purchase and not on the half that he owns as the heir of his wife; that if there be a charge on the half of the land that appellant acquired by purchase, it should be for payment of half only, of the legacies.

If appellees took a vested interest in the two hundred dollar legacies on the death of testatrix, then there is no question of violating the rule against perpetuities. Appellees' counsel say the legacies did not vest until the time of payment and cite Scofield v. Olcott, 120 Ill. 362, and Powers v. Egelhoff, 56 Ill. App. 606. If this were so it might require a careful investigation of the law of perpetuities, where the vesting of property is determined by the time of the settlement of an estate, as in the case of Johnson v. Preston, 226 Ill. 447. But we think it clear on the authority of those two cases and numerous other Illinois cases, that the legacies here in question, vested in appellees on the death of testatrix. There was an absolute gift to the legatees, with the time of payment only postponed. "If futurity is annexed to the substance of the gift, the vesting is suspended; but, if it appears to relate to the time of payment only, the legacy vests *instanter.*" Scofield v. Olcott, *supra.*

Appellees' legacies were expressly charged on the land in question, and Lizzie Grove Ryan taking the fee was expressly directed as owner of the fee to pay those legacies she accepted the provision in her favor and by that act became personally liable to pay the legacies, but they still remain a charge upon the land and appellees have a right to enforce this charge in a court of equity similar to the right of a mortgagee to enforce his lien by foreclosure, if he chooses to do so, without resorting to the personal liability of the maker of the note secured by the mortgage, or of any other party who may have become personally liable to pay the mortgage debt. It is familiar law that equity has jurisdiction in enforcing liens resulting from charges on property by will or by deed. Pomeroy Equity Jurisprudence, secs. 1244-1248; 40 Cyc. 2051. The method of raising the legacy is by the sale of the property charged in analogy to proceedings for the foreclosure of a mortgage. 40 Cyc. 2051. The attach-

ment of personal liability upon the devisee by reason of his acceptance of the devise does not affect the lien of the charge upon the land or bar a proceeding against the land. 40 Cyc. 2056. Jurisdiction of courts of equity in such cases has been in this state long established. Mahar v. O'Hara, 9 Ill. 424; Spangler v. Newman, 239 Ill. 616.

Counsel for appellants contend that the devisee Lizzie Grove Ryan being personally liable to pay these legacies, and being under the pleadings presumably solvent, resort must be had to her personal liability before resorting to the land, and endeavor to sustain this contention by citation of authorities, among them Mahar v. O'Hara, 9 Ill. 425; Dodge v. Manning, 1 N. Y. 298. In the first case it is true a decree went against the party personally liable and was not made a lien on the land, but in that case the legacy was not expressly charged on the land by the testator and it was conceded on the trial that the defendant was amply responsible and it was not sought to subject any certain tract of land to its payment. The second case was heard on appeal and reported in 11 Paige's Chancery 155. It there appears that the party charged with the payment of a legacy has been given real and personal estate in the same manner and directed to pay a legacy out of said estate and had received ample personal estate. It was said that the personal estate was primarily liable for the payment of the legacy. The enforcement of payment of legacies charged on land by courts of equity has given rise to many varying conditions of facts and involved many parties owning interests in the lands sought to be subjected to the payment, and courts have entered various decrees protecting, as well as may be, in each case the rights of the parties thereto, but we find nothing in conflict with the general rule that a charge on land created by will may be enforced in a court of equity in a proceeding analagous to the foreclosure of a mortgage.

Lizzie Grove Ryan being personally liable to pay these legacies is in the position of a party personally liable to pay a mortgage debt and appellees had the right to bring her into this suit as codefendant with Benjamin D. Herrick the owner of the land on which the lien was created by the will. Scholten v. Barber, 217 Ill. 148. If the amount of the legacies is not raised by the sale of the land, a decree for the deficiency could properly be entered against her, the court therefore erred in sustaining her demurrer to the bill.

The surviving husband Benjamin D. Herrick took one-half of the land in question as the heir of his wife free from any change created by her will. He assumed no personal obligation to pay these legacies by the purchase of the other half unless his contract of purchase so provides and there is no allegation in the bill that it did, the court erred in ordering him personally to pay the legacies. The testatrix had no power to charge the half of her estate that went to her surviving husband on his renouncing the will, with the payment of legacies. The attempt to do so only effected a charge on the half that she had power to so change and operated as a disposition *pro tanto* of the realty so charged. Carper v. Crowl, 149 Ill. 465. Therefore the situation is like one in which a party mortgages land a part of which he does not own to secure a debt. The lien should be declared not on the entire land but on the half of it that testatrix had the power to subject to the payment of the legacies. It was error to order the sale of the whole tract.

There may be equities arising among the various legatees from the fact of renunciation. Courts have power to adjust equities in such cases under our Administration Act (chapter 3, sec. 79, Rev. Statutes; Lewis v. Sedgwick, 223 Ill. 213), but there are no pleadings in this case from which we are advised what, if any, such equitable rights may be. We hold that Lizzie Grove Ryan is personally liable to pay the

legacies in question; that Benjamin D. Herrick is not personally liable to pay them or any part thereof; that a lien capable of enforcement in this proceeding exists on that portion of the land taken under the will by Lizzie Grove Ryan and by her conveyed to Benjamin D. Herrick, and if insufficient to pay the legacies, a decree for the deficiency on proper showing at the proper time should be entered against her for such deficiency; that her demurrer to the bill should be overruled, with leave to answer if she is advised so to do; that Benjamin D. Herrick also have leave to answer if he desires, and if either defendant claims equitable rights against the other growing out of the matters here involved, or if there are equities arising among the legatees named in said will because of such renunciation and the diminishing of legacies consequent thereto leave should be given if asked, to file appropriate pleadings to the end that the same may be here determined.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*