## Emma C. Enoch, Appellant, v. John F. Walter et al., Appellees.

### Gen. No. 23,211.

1. FRAUDULENT CONVEYANCES, § 264*—*when assignment of property to prevent collection of alimony not shown.* On a creditor's bill, the allegation of complainant that an assignment of property had been fraudulently made to prevent her from recovering alimony due her by the assignor, *held* not sustained by the evidence.

2. WILLS, § 482*—*what is nature of legacy made charge upon realty.* A legacy which is made a charge upon realty merely becomes a lien thereon, enforceable by a proceeding analogous to the foreclosure of a mortgage, and does not constitute an interest in realty.

3. DIVORCE, § 127*—*when decree for payment of alimony does not become lien upon realty.* A decree for the payment of alimony to become due does not become a lien upon the real estate of the person against whom it is entered, unless it is made so by statute or the decree itself recites that it shall become a lien.

4. EQUITY, § 507*—*necessity that decree be for money due in order to be lien on land.* Section 44 of the Chancery Act (J. & A. ¶ 924), making a decree for money a lien on lands, contemplates a decree for money due at the time of its entry!

5. DIVORCE—*order for payment of alimony as not lien upon realty.* Section 44 of the Chancery Act (J. & A. ¶ 924) does not warrant the inference that an order for the payment of alimony to become due shall be a lien on realty.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUEL B. HILL, for appellant.

MONTGOMERY, HART, SMITH & STEERE, for appellees.

MR. JUSTICE MCDONALD delivered the opinion of the court.

By this appeal it is sought to reverse a decree dismissing for want of equity a creditor's bill filed by appellant, complainant below.

It appears from the evidence that during the year 1905 the complainant procured a decree of divorce from Charles H. Walter, in Cook county, Illinois, at which time the said Walter was ordered to pay complainant a certain sum of money per week as alimony, but the decree did not recite that it should be a lien on his realty; that upon supplemental hearing, on January 22, 1915, the said Walter was found to be in arrears in the sum of $2,552.90 for alimony due, and accordingly the court entered a decree against him for that amount. It further appears that the said Charles H. Walter was made a legatee, to the extent of $1,500, under the last will and testament of his father, who died on January 7, 1913; that, of this legacy, $1,000 was expressly made a charge upon certain real estate devised to John F. Walter, another son of the testator, who was named as executor in said will, and who was also made a party defendant hereto; that on January 21, 1913, the said Charles H. Walter executed an assignment of the said legacy to the defendant, John F. Walter, which recited that it was "in full settlement for board, room rent and moneys lent."

It is contended by complainant that the said assignment was fraudulently made to prevent her from recovering the alimony in question. From a careful examination of the evidence, we are of the opinion that the court properly found that complainant had failed to establish this charge.

It is also argued by complainant that the decree of divorce obtained by her from the said Charles H. Walter, which contained a provision requiring him to pay her $6 per week as alimony, became a lien upon the aforesaid legacy in favor of the said Charles H. Walter. Underlying this contention is the theory of complainant, (1) that this legacy constituted an interest in realty because it was made a lien on the property devised to the aforesaid John F. Walter, and (2) that an order for the payment of alimony to become due *ipso facto* becomes a lien on the realty of the person against whom it is entered, even in the absence of any recital in the decree to that effect. In our opinion, neither of these positions is tenable.

A legacy, when made a charge upon realty, merely becomes a lien thereon, enforceable by a proceeding analogous to the foreclosure of a mortgage. *Houck v. Herrick,* 179 Ill. App. 274.

As we view the authorities, a decree for the payment of alimony to become due does not become a lien upon the real estate of the person against whom it is entered, unless it is made so by statute or the decree itself recites that it shall become a lien thereon. 14 Cyc. 783; 2 Am. & Eng. Encyc. 133.

Section 44 of the Chancery Act (J. & A. ¶ 924) provides that a decree for money shall be a lien on the lands and tenements of the party against whom it is entered, to the same extent and under the same limitations as a judgment at law. It would appear that an order for alimony not yet due lacks several of the essentials of a money judgment or decree as contemplated in this section. A judgment at law must be for a definite sum of money due at the time of its entry. So, too, this provision of the Chancery Act contemplates a decree for money due at the time of its entry, for such decree is *in personam,* and unless execution issue thereon within one year from its entry, the same as on a judgment at law, the lien created

thereby ceases to exist. (*Kirby v. Runals,* 140 Ill. 289.) The order for the payment of alimony to become due may be modified or altered when the circumstances of the parties require. Upon default in the payment thereof, the court may, by supplemental proceeding, ascertain the amount due and enter a decree for the payment thereof, upon which execution may issue. We find nothing in the said section to warrant the inference that an order for the payment of alimony to become due shall be a lien on realty.

This view finds support in section 20 of the Divorce Act (J. & A. ¶ 4235) which provides as follows:

"Whenever, in any case of divorce, a decree for alimony or maintenance is made a lien on any real estate to secure the payment of any money to become due by instalments, and a sale of such real estate shall become necessary to satisfy any of such instalments, the property shall be sold subject to the lien of the instalments not then due," etc.

If, as contended by the complainant, the decree for the payment of future alimony *ipso facto* becomes a lien on realty, then the language, "Whenever * * * a decree for alimony or maintenance is made a lien on any real estate to secure the payment of any money to become due by instalments," becomes superfluous.

Our conclusion is, that the original decree of divorce, providing for the payment of alimony to become due, was not a lien on real estate as contemplated by section 44 of the Chancery Act, *supra;* that the aforesaid legacy in favor of Charles H. Walter, which was made a charge on the real estate devised to John F. Walter, constituted merely a lien thereon.

Without discussing the other points raised on this appeal with reference to the admissibility of certain evidence, it is sufficient to say that, in view of the foregoing holding, such errors, if any were committed, were harmless.

There being no error in the record which necessitates a reversal, the decree will be affirmed.

*Affirmed.*