Thomas D. Masters. Helen J. Masters, Intervener, Appellee, v. Edgar Lee Masters et al. Edgar Lee Masters, Appellant.

Gen. No. 8,151.

Opinion
filed February 8, 1928.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellant.

GEORGE E. JENKINS and OSCAR J. PUTTING, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Sangamon county sustaining appellee's right of recovery under an intervening petition, which the appellee, Helen J. Masters, filed by leave of court in the partition case of Thomas D. Masters vs. Emma J. Masters, Edgar Lee Masters et al., in the circuit court of Sangamon county. The decree finds that the appellee has a lien upon the distributive share of Edgar Lee Masters, the appellant, in the proceeds of the master's sale of the real estate involved in the partition suit referred to. The record discloses that when the intervening petition was filed a decree in the partition case had been rendered, fixing the rights and interests of the parties in the real estate involved, and fixing the interest of the appellant, Edgar Lee Masters,

to be an undivided one-third, but that an appeal had been prayed from this decree by Edgar Lee Masters, and allowed, and had been perfected, and the partition case, involving the rights and interests of the parties, was pending on appeal in the Supreme Court. The intervening petition was verified by affidavit and filed on the 14th day of January, 1927, at the term of the circuit court following the appeal. It avers that prior to April 2, 1923, the appellee was the wife of the appellant, Edgar Lee Masters, and that on the date mentioned she was granted a divorce in the superior court of Cook county, and that in said decree dissolving the marriage it was ordered that Edgar Lee Masters pay to the petitioner commencing on April 1, 1924, $150 per month for alimony; and that said Edgar Lee Masters has paid pursuant to said order only the sum of $950, and is in arrears in the payments required to be made under said decree in the sum of $4,050. It is also averred in the petition that by a decree in the circuit court of Sangamon county, recently entered in the partition case referred to, there has been adjudged that Edgar Lee Masters is the owner of an undivided one-third interest in the real estate involved in the partition suit, and is entitled to contribution from the estates of Emma J. Masters, Thomas D. Masters and Madeline Masters Stone for a fair rental value of said premises from May 1, 1926, at the rate of $75 per month. It is also averred that said Edgar Lee Masters has no other tangible property except the property above mentioned, and that in law and equity the petitioner by virtue of the decree of the superior court of Cook county, a copy of which is attached to the petition, marked Exhibit A, is entitled to a lien on said real estate; and in case of sale thereof, under the direction of the court, and a division of the proceeds of the sale, that she is entitled to a lien on all moneys and proceeds of said sale covering the interest of Edgar Lee Masters and his share in the rents of said real

estate. The prayer of the petition is that, upon a hearing thereof, the court may order and decree that the interest in said property and money of said Edgar Lee Masters is subject to the lien of the petitioner on account of the decree of the superior court of Cook county, above mentioned; and that the petitioner ought to have satisfaction in accordance with the orders of her decree obtained against Edgar Lee Masters; and that the said Edgar Lee Masters may be required to pay to petitioner her reasonable expenses and solicitor's fees for the prosecution of her petition; and that it may be further adjudged that said Edgar Lee Masters pay to the petitioner from the moneys and property awarded to him in the partition case the sum of $4,050, together with the costs of this suit, and such other and further relief as equity may require. Upon the filing of the petition, the court entered an order requiring the appellant to answer the petition by the 24th of January following. No answer however, was filed, and nothing further was done in the matter of the petition until May 17, 1927, when the order of affirmance of the partition decree by the Supreme Court was filed in the case; thereupon another order was entered on motion of appellee by which the appellant was ruled to answer the petition by the following 31st day of May at 9:00 o'clock a. m., and the appellant having failed to answer the petition was defaulted. After the sale of the real estate by the master in the partition suit, and the approval of the sale by the court, there was a hearing on the intervening petition, and thereupon the court entered the following decree:

"This cause coming on to be heard on the intervening petition of Helen J. Masters and the default of Edgar Lee Masters thereto, said intervening petition being taken as confessed, and the court having heard the evidence offered by said intervening petitioner doth find: that a decree in the sum of $4050.00

was entered in favor of said Helen J. Masters against Edgar Lee Masters in the Superior Court of Cook County, Illinois, on January 11, 1927, in case number 388663 and execution was duly issued on said decree and was levied on by the sheriff of the County of Sangamon on the interest of said Edgar Lee Masters in the premises described in the bill of complaint herein. That no part of said $4050.00 due from Edgar Lee Masters to intervening petitioner has been paid and the same is still due and owing. Ordered said intervening petitioner, Helen J. Masters, has a good and valid lien upon the interest of said Edgar Lee Masters in the premises described in the said bill of complaint and in the interest of said Edgar Lee Masters in the proceeds of the master's sale of said premises and the Special Master D. L. Giffin is directed to pay over to said intervening petitioner, Helen J. Masters, the sum of $4050.00 from the proceeds of such sale arising from the interests of said Edgar Lee Masters in said premises, or the total amount of said interest of said Edgar Lee Masters in such proceeds not exceeding said sum of $4050.00.''

Error is assigned by the appellant on the granting of leave to file the intervening petition, and on the granting of the relief prayed for in the petition. In reference to these assignments of error, it may be said that the appellee by the averments in the petition bases her right to the relief prayed for upon the decree for divorce from appellant, requiring him to pay alimony, which was rendered in the superior court of Cook county. There is no averment in the petition, however, to the effect that the decree for the alimony was made a lien on the real estate of the appellant, nor that the decree awarded her the right to an execution against the property of the defendant for the alimony which would remain unpaid; and the copy of the decree which is attached to the intervening petition and made a part thereof shows that no such order was made. The

statute concerning the enforcement of payment of alimony contemplates the making of such an order before a lien becomes operative. Section 20, ch. 40, Smith-Hurd Rev. St.; Cahill's St. ch. 40, ¶ 21; *Enoch v. Walter,* 209 Ill. App. 619. It is apparent, therefore, that on the face of the petition and the averments thereof the petitioner did not have any lien upon the real estate of the appellant at the time of the filing of her petition, nor upon the rights and interests of the appellant in the real estate involved in the partition suit, and that the court should therefore have denied the motion for leave to file the intervening petition. *Wightman v. Evanston Yaryan Co.,* 217 Ill. 371.

The granting of leave to appellee, however, to file the intervening petition and the orders in connection therewith were erroneous for another reason, namely, because at the time of granting the leave the partition case in which the petition was filed was pending in the Supreme Court on appeal. The law is well settled that when an appeal in a case is perfected to the Supreme or Appellate Court, the court from which the appeal has been taken loses jurisdiction of the case until after the appeal has been finally disposed of by appellate tribunal. *Reynolds v. Perry,* 11 Ill. 534; *Owens v. McKethe,* 5 Gilm. (Ill.) 79; *Simpson v. Alexander,* 5 Gilm. (Ill.) 260; *Smith v. Chytraus,* 152 Ill. 664; *Cowan v. Curran,* 216 Ill. 598; *Bowar v. Chicago West Division Ry. Co.,* 136 Ill. 101; *Barnes & Co. v. Chicago Typographical Union No. 16,* 232 Ill. 402; *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526; *People v. Pam,* 276 Ill. 181, 184; *People v. Wiley,* 284 Ill. 186, 189; *City of Chicago v. Lord,* 281 Ill. 414, 416; *German-American Sav. Loan & Building Ass'n v. Trainor,* 293 Ill. 483, 493. It is pointedly stated in the case last above cited: "Pending the appeal the circuit court was without authority to make any order affecting the interests of any of the parties or in any way affecting the costs."

Concerning the error assigned upon the rendition of the decree granting the relief prayed for in the petition, it will be noticed that the particular finding in the decree upon which the court bases the right of appellee to a lien is as follows: ''That a decree in the sum of $4050.00 was entered in favor of said Helen J. Masters against said Edgar Lee Masters in the Superior Court of Cook County, Illinois, on January 11, 1927''; and that execution was duly issued on said decree against Edgar Lee Masters and was levied by the sheriff of the county of Sangamon in the State of Illinois on the interest of said Edgar Lee Masters in the premises in question. The court finds her right to a lien from evidence adduced of a decree rendered on January 11, 1927, which is a different decree and rendered at a different time from the one referred to in the petition. This was error. *Ohling v. Luitjens,* 32 Ill. 23; *Houlihan v. Morrissey,* 270 Ill. 66; *Kelly v. Kelly,* 293 Ill. 169. In *Houlihan v. Morrissey, supra,* the court said: ''We are of opinion that this decree must be reversed, if for no other reason, because the decree finds a different state of facts upon which relief is granted from the facts alleged in the bill. This clearly appears from an examination of the bill and decree. * * * The allegations of the bill and the proofs must correspond. A complainant, to recover at all, must do so on the case made by the bill, and will not be permitted to state one case in the bill and make a different one by the proof. Even though the evidence may make a meritorious case, if it is variant from the case made by the bill, the bill should be dismissed.'' And in *Kelly v. Kelly, supra,* the court pointed out that: ''It is a fundamental rule of equity pleading that the allegations of a bill, the proof and the decree must correspond, and that the decree cannot give relief which the facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply.''

For the reasons stated, the decree entered on the intervening petition is reversed and the cause is remanded with directions to dismiss the intervening petition.

*Reversed and remanded with directions.*