Thomas F. Crull, Appellant, v. Federal Land Bank of St. Louis et al., Appellees.

Gen. No. 8,929.

Opinion filed August 14, 1935. Rehearing denied September 30, 1935.

RYAN & HOOD, of Rockford, for appellant; FRANK M. RYAN, of counsel.

KIRCHER, GEORGE & RANSOM, of St. Louis, and SMITH & MENZIMER, of Rockford, for certain appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant prosecutes this appeal from an order of the circuit court of Winnebago county, approving the master's report of distribution of the proceeds from a sale growing out of a partition of certain lands. No statement of errors relied upon for reversal is made by appellant, as required by the rules. The court of review is entitled to know the specific points upon which an appellant relies for reversal. It is not the duty of such court to become counsel for a party litigant, and upon its own volition to search the record for errors. However, since the only thing about which appellant complains is the application of the proceeds from the sale of the premises, we shall dispose of the case upon that point.

Appellant is one of a number of tenants in common of the land affected by this suit. Appellee was the owner of a mortgage lien upon the premises, which at the time of decree for partition, amounted to the sum of $17,438.09. Appellee was a party defendant to the partition proceedings and appeared and filed its answer, setting up its rights as the holder of the above mortgage indebtedness, alleging that the premises to be partitioned were subject to such indebtedness and that in case of sale thereof, appellee was entitled to be protected upon its said mortgage lien as against all other persons. Decree for partition was entered on March 16, 1934. Appellant was found to be entitled to an undivided one-sixth interest in the premises. The court fixed the interest of the various parties, including that of appellee. The master was unsuccessful in receiving a bid for the lands for two-thirds of the appraised value, at the first sale, and reported to the court that he was unable to make sale of the premises.

This report was approved and order entered for a resale thereof on August 21, 1934. That portion of the decree which is concerned by this appeal reads as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, by the Court, that the purchaser at said sale shall be entitled to apply on the purchase price such amount as shall be bid by him up to the sum of Seventeen Thousand Four Hundred Thirty-Eight and Nine Hundredths ($17,438.09) Dollars, with interest thereon at the rate of five and one half (5½) per cent per annum from the 1st day of July, 1934, to the date of sale, being the sum due the Federal Land Bank of St. Louis, the owner and holder of the encumbrances on the premises herein being partitioned; provided that the said purchaser shall be required to pay to the Master in Chancery in cash the amount of the Court costs, expenses of sale and Master's fees and such sum as shall be bid by him in excess of the amount due to the said Federal Land Bank of St. Louis, on the date of sale."

At this sale, the premises were sold to appellee for the sum of $10,000. The master filed his report of sale on September 26, 1934. This report of sale disclosed that appellee was the mortgagee and the purchaser of the premises, and under the terms of the decree, entitled to apply upon the purchase price the amount of its mortgage to the extent of $17,438.09, except that the costs involved to the amount of $568.95 should be advanced by such purchaser. This report of sale was approved on October 1, 1934. On October 18, 1934, the master filed his report of distribution, showing that appellee, as purchaser of the premises, had advanced the above sum of $568.95 costs, and that said master had executed and delivered to appellee as purchaser, a proper conveyance of the premises so sold. Order approving the master's report of distribution was entered on the said 18th day of October, 1934. No objec-

tions appear to have been made on the part of anyone in the court below to the master's report of sale, nor to the master's report of distribution, nor to the orders of the court approving same. Appellant, on January 16, 1935, on the ninetieth day following the order of the court approving the master's report of distribution, filed his notice of appeal herein, to the effect that he would appeal from the order of the trial court approving the report of distribution. Objections to the approval of a master's report of sale or report of distribution should be raised in the court below, and that court be given an opportunity to consider same. *Masters v. Masters*, 249 Ill. App. 252, 263, and cases cited.

It is argued by appellant that the master should proceed to collect from appellee the sum of $9,431.05, being the remaining difference between the purchase price for the premises sold, and the $568.95 costs advanced. It is the contention of appellant that appellee bought the premises subject to the outstanding mortgage indebtedness of $17,438.09, and that the only interest in the premises being sold by the master, was the equity of the mortgagors. Under sections 5 and 6 of the Partition Act, Cahill's St. ch. 106, ¶¶ 5, 6, a mortgagee is a necessary party to a suit in partition. *Cheney v. Ricks*, 168 Ill. 533. Where it is found necessary to sell the lands, the court may find the amount due to the mortgagee and order it to be paid out of the distributive fund of the mortgagor in the proceeds of such sale. *Spencer v. Wiley*, 149 Ill. 56. After due confirmation of master's report of sale under which no exceptions were filed, evidence cannot be received to show the sale was upon terms and conditions different from those shown by the master's report, in the absence of any circumstances of fraud, accident, or mistake. *Davies v. Gibbs*, 174 Ill. 272. Upon approval of a report of sale, the proceeds thereof shall be distributed by the master according to the interests of the

parties, as directed by the court. Sec. 31 of the Partition Act, Cahill's St. ch. 106, ¶ 31.

Appellant relies upon the rule regarding the assumption of mortgage indebtedness by a purchaser of the premises, as announced in *Drury v. Holden,* 121 Ill. 130. The facts in that case are clearly distinguished from the facts in the instant case. It is apparent in this case that it was the intent of the chancellor to decree that from the bid of any purchaser of the premises, the master should apply the purchase price bid therefor to the extent of $17,438.09, together with interest thereon at the rate of 5½ per cent from the first day of July, 1934, to the date of sale, to appellee herein, as the owner or holder of the incumbrances on the premises being partitioned. There can be no question but that this is what the master did. There was nothing to prevent the mortgagee from becoming a purchaser. The lands were appraised at $15,000, and appellee bid $10,000, which was two-thirds of the appraised value.

Motion was filed in this cause by appellant suggesting diminution of the record, which motion was taken with the case. The matter sought to be supplied not being considered material or necessary to the disposition of this case, the motion is denied.

Finding no reversible error in the record, the decree and order of the circuit court is affirmed.

*Decree and order affirmed.*