DELORES J. DUNN, f/k/a Delores J. Ramp, Plaintiff-Appellant, v. ROGER GLENN THOMPSON *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0141

Opinion filed September 28, 1988.—Modified on denial of rehearing October 26, 1988.

Law Offices of Ora J. Baer II, of Champaign, for appellant.

Marc J. Ansel, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

On July 20, 1987, the plaintiff, Delores J. Dunn, f/k/a Delores J. Ramp, filed suit in the circuit court of Champaign County seeking foreclosure upon a judgment lien. The complaint alleged the lien was created by plaintiff's judgment of dissolution of marriage entered on May 20, 1983 (cause No. 83—C—390). On November 13, 1987, the court, pursuant to section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(e)), entered judgment on the pleadings on behalf of the defendants, Roger Glenn Thompson, Loretta Jean Thompson, and American Savings Bank. From this judgment, plaintiff appeals.

The only issue now before us is whether the judgment of dissolution of marriage was sufficient to create a judgment lien.

On May 20, 1983, judgment of dissolution of the marriage of Delores J. Ramp and Gordon W. Ramp was entered by the circuit court of Champaign County. The judgment awarded plaintiff custody of the parties' child, established child support, and further provided:

"IT IS FURTHER ORDERED that the defendant [Gordon W. Ramp] shall pay to the plaintiff [Delores J. Ramp] as and for a full settlement of all claims arising out of the marriage or otherwise, the sum of Thirty Thousand Dollars ($30,000.00) payable in the following manner: Twenty Thousand Dollars ($20,000.00) upon the entry of this judgment and Ten Thousand Dollars ($10,000.00) on or before the 15th day of November, 1983. That the defendant shall execute a note for the said sum being due as evidence of this obligation.

IT IS FURTHER ORDERED that the plaintiff shall immediately release and relinquish any right, title, or interest she may have in the marital home of the parties and also the Ramp business enterprises, which is principally known as Waterbed Oasis, Inc."

On September 6, 1983, a certified copy of the judgment of dissolution was recorded with the Piatt County recorder of deeds. On December 30, 1983, a supplemental court order was entered extending the due date of the $10,000 obligation to May 15, 1984. The supplemental order further conditionally waived payment of statutory interest if the obligation was paid on or before the extended date. Such payment, however, was never made.

On December 4, 1985, Gordon W. Ramp filed personal bankruptcy. The marital residence had been previously transferred to Roger and Loretta Thompson, the defendants herein.

The plaintiff's complaint sought foreclosure of judgment lien al-

leged to have been created by the dissolution order. The plaintiff specifically maintained the language establishing an obligation on behalf of her husband in the amount of $10,000 was sufficient to create a judgment from which a judgment lien was recorded pursuant to section 12—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 12—101). The defendants denied existence of such a lien and moved for judgment on the pleadings. On November 13, 1987, the court granted judgment in favor of the defendants, specifically finding:

> "[T]he payment order heretofore entered in cause No. 83—C—390 was not a judgment nor was a lien created that would be susceptible to foreclosure as sought by the complaint in the instant proceedings."

Following denial of her motion for reconsideration, the plaintiff filed a timely notice of appeal.

■ A motion for judgment on the pleadings tests the legal sufficiency of the pleadings. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113.) Such a motion should be granted where the pleadings fail to present a material issue of fact and judgment may be rendered as a matter of law. *Walker*, 65 Ill. 2d 543, 359 N.E.2d 113.

■ At common law, a court-entered judgment did not create a lien upon the real estate of a debtor. (*Haugens v. Holmes* (1942), 314 Ill. App. 166, 41 N.E.2d 109.) A judgment lien is thus purely a creature of statute. (*Haugens*, 314 Ill. App. at 169.) Section 12—101 of the Code of Civil Procedure provides specific guidelines for the creation of a judgment lien against the real estate of a debtor. (Ill. Rev. Stat. 1985, ch. 110, par. 12—101.) Such a lien is created when a "certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located." Ill. Rev. Stat. 1985, ch. 110, par. 12—101.

■ A valid judgment, in order to create a lien, must possess two qualifications: (1) it must be final, valid, and for a definite amount of money; and (2) it must be such a judgment that execution may issue thereon. *Noe v. Moutray* (1897), 170 Ill. 169, 177, 48 N.E. 709, 712; see also *Anastos v. M.J.D.M. Truck Rentals, Inc.* (7th Cir. 1975), 521 F.2d 1301, 1303; 49 C.J.S. *Judgments* §458 (1947).

■ Initially we find, as did the trial court herein, this dissolution order cannot be classified as a judgment for purposes of the judgment lien provisions. The order established custody, child support, and disposed of the marital property between the parties. Of particular interest is the stipulation that defendant execute a note to plaintiff for the

$10,000 to be paid at a later date. There is no evidence whatsoever that this note was ever executed. A judgment on the note, which would clearly evidence a monetary obligation, would be the type of memorandum of judgment contemplated by the judgment lien statute. Without a judgment specifically evidencing a monetary obligation, there is no judgment for purposes of the judgment lien statute.

Additionally, we note that although the judgment entered was for a definite amount, its finality is questionable. This is supported by the fact that the judgment order was amended on December 30, 1983, extending the due date of the monetary obligation. There is no indication in the record that the supplemental order was ever filed with the recorder of deeds.

■ By way of analogy, the judgment lien provisions of the Illinois Marriage and Dissolution of Marriage Act provide additional insight. The judgment lien provisions for maintenance (Ill. Rev. Stat. 1987, ch. 40, par. 703) and child support (Ill. Rev. Stat. 1987, ch. 40, par. 505(c)) specifically provide that a final judgment arises when installment payments become due. As each installment becomes due, it is a judgment that execution may issue. (See Ill. Rev. Stat. 1987, ch. 40, pars. 505(c), 703.) Thus, the future payment ordered herein was not due until May of 1984. This judgment, however, was not recorded.

■ Wife was required by the judgment to "immediately release and relinquish any right, title, or interest she may have in the marital home." The judgment gave husband full rights to the marital residence on the original date entered. Such rights necessarily included the right to dispose of the property as husband saw fit. There were no restraints placed upon his ownership. The judgment did not grant the wife any security interest and expressly extinguished all rights of the wife with respect to the marital residence.

■ A judgment ordering the payment of money does not automatically create a lien. (*Enoch v. Walter* (1918), 209 Ill. App. 619.) Such an order does not become a lien unless made so by statute or unless the decree itself recites that it shall become a lien thereon. (*Enoch*, 209 Ill. App. 619; *Masters v. Masters* (1928), 249 Ill. App. 252.) As previously established, the plaintiff failed to comply with the statutory requisites to create a judgment lien. The dissolution order made no reference to the creation of a judgment lien. Where there is no specific language in the judgment creating rights to a lien, it may not be implied. *Masters*, 249 Ill. App. 252.

The language relied upon by the plaintiff herein makes no reference whatsoever to the establishment of a lien against the real estate of her husband. The monetary obligation established, but not evi-

denced by a note, is insufficient to create such a right. The creation of liens is a discretionary function of the trial court and, without an express intent to so create, a lien may not arise by implication.

Based on the foregoing, the order of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.