I. CORINNE SALDEEN, Plaintiff-Appellant, v. DAN HAMELBERG *et al.*, Defendants-Appellees.

Fourth District   No. 4—89—0991

Opinion filed May 31, 1990.

Arthur M. Lerner, of Lerner & Kirchner, of Champaign, for appellant.

John T. Phipps, of John T. Phipps Law Offices, P.C., of Champaign, for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiff, I. Corinne Saldeen, filed suit in the circuit court of Champaign County, seeking a declaration that the judgment of dissolution of marriage between her and her former husband, Arland Saldeen, operated to impose a lien upon certain real estate purchased by defendants, Dan Hamelberg, William Lemmon, and Philip Rushing.

On December 12, 1989, the trial court granted defendants' motion for judgment on the pleadings (Ill. Rev. Stat. 1987, ch. 110, par. 2–615(e)). Plaintiff appeals, and we affirm.

In the judgment of dissolution of their marriage, Corinne and Arland agreed to be forever barred from claiming maintenance. The judgment also incorporated by reference a written marital settlement agreement. The agreement provided, *inter alia*, that Arland was to pay Corinne the sum of $283,000. She in turn was to immediately execute all documents necessary to convey all of her real estate interests to Arland. Arland's payment obligation was to be partially satisfied by an initial lump-sum payment of $50,000, with complete satisfaction to be made on a scheduled basis. An agreed security for the debt was provided, and the agreement further noted that Arland would be selling or refinancing "certain of the real property" in order to obtain funds to pay Corinne.

On October 7, 1988, Corinne filed with the recorder of deeds certain documents that allegedly show her continuing interest in Arland's real estate. These documents consisted of a copy of the judgment of the dissolution of marriage and pages three and seven of the property settlement agreement. Page three of the agreement recited payment provisions, while page seven provided that the court, upon entry of the judgment of dissolution of marriage, "shall retain the right to enforce the provisions and terms of the Agreement, which agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, assigns, designees and grantees of the parties."

On October 11, 1988, defendants purchased real estate from Arland for $1,025,000, and as of that same date, Arland had paid Corinne $62,000 pursuant to the settlement agreement, giving rise to an arrearage of $24,000.

On appeal, Corinne argues that defendants, as "grantees" of Arland, took title to property with notice and subject to Arland's antecedent obligations under the judgment of dissolution agreement. Corinne also argues that pursuant to the agreement, "there is a lien upon the property of the defendants for all payments that are to be made in the future," and that this lien is subject to foreclosure to the extent of the $24,000 now past due.

The facts of this case are similar to those in *Dunn v. Thompson* (1988), 174 Ill. App. 3d 944, 529 N.E.2d 297, wherein this court held that the creation of a lien is a discretionary function of the trial court and, without an express intent to so create, a lien may not arise by implication. *Dunn*, 174 Ill. App. 3d at 948-49, 529 N.E.2d at 300.

In *Dunn*, the plaintiff's judgment of dissolution of marriage awarded her child support and $30,000—$20,000 to be paid upon the entry of judgment and $10,000 (evidenced by a note) to be paid at a later date. The judgment also expressly required the plaintiff to immediately release and relinquish any right, title, or interest that she may have had in the marital home. This gave her former husband full rights to the marital residence on the original date the judgment was entered. Such rights necessarily included the right to dispose of the property as he saw fit. *Dunn*, 174 Ill. App. 3d at 948, 529 N.E.2d at 300.

In September 1983, a certified copy of the judgment was recorded with the recorder of deeds. Three and one-half months later, a supplemental court order extended the due date of the $10,000 obligation. This order was never recorded with the recorder of deeds and the $10,000 was never paid. Some 18 months later, in December 1985, plaintiff's former husband filed for personal bankruptcy. Previously, the marital residence had been transferred to the defendants. *Dunn*, 174 Ill. App. 3d at 946, 529 N.E.2d at 298.

On appeal, the plaintiff in *Dunn* sought foreclosure of a judgment lien allegedly created by her dissolution of marriage order. Specifically, she maintained that the language establishing the obligation on behalf of her husband in the amount of $10,000 was sufficient to create a judgment from which a judgment lien had been recorded pursuant to section 12—101 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 12—101).

In its analysis of this issue, the *Dunn* court traced the common law roots of the law relating to the creation of liens of judgment and discussed the statutory progeny thereof:

"At common law, a court-entered judgment did not create a lien upon the real estate of a debtor. [Citation.] A judgment lien is thus purely a creature of statute. [Citation.] Section 12—101 of the Code of Civil Procedure provides specific guidelines for the creation of a judgment lien against the real estate of a debtor. [Citation.] Such a lien is created when a 'certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located.' [Citation.]" *Dunn*, 174 Ill. App. 3d at 947, 529 N.E.2d at 299.

The court then discussed the qualifications necessary to create a lien:

"A valid judgment, in order to create a lien, must possess two qualifications: (1) it must be final, valid, and for a definite amount of money; and (2) it must be such a judgment that exe-

cution may issue thereon." *Dunn*, 174 Ill. App. 3d at 947, 529 N.E.2d at 299.

■ The *Dunn* court then found that the judgment ordering the payment of money did not automatically create a lien. (*Dunn*, 174 Ill. App. 3d at 948, 529 N.E.2d at 300.) The court stated that such an order does not become a lien unless provided for by statute or unless the decree itself recites that it shall become a lien. (*Dunn*, 174 Ill. App. 3d at 948, 529 N.E.2d at 300.) The court then noted that the plaintiff had failed to comply with the statutory requisites to create a judgment lien and found that where there is no specific language in the judgment creating rights to a lien, a lien may not be implied. *Dunn*, 174 Ill. App. 3d at 948, 529 N.E.2d at 300.

■ Initially, we find that the finality of the judgment of dissolution in the instant case is subject to question. Although the judgment of dissolution contained a monetary obligation, the property settlement agreement provided for the initial $50,000 owed Corinne to be paid to her upon the court's approval of the agreement and the successful sale or refinancing of the real estate, or both. These conditions of refinancing or sale were to be completed within a reasonable period of time and in the best interests of both parties. While an outer time limit of 10 months was imposed in this regard, even that provision was precatory, as it states that "[i]f a sale or refinance is in progress, but not complete at the end of ten months, then an extension of time shall not be unduly withheld." Furthermore, other portions of the settlement agreement providing for the payment of the balance of the $283,000 were also not final because Arland's obligations were to ripen only after payment of the initial $50,000.

We find that the language relied upon by Corinne on appeal makes no reference whatsoever to the establishment of a lien against the real estate of Arland. Corinne argues in her brief that the language which states, "binding *** to the *** grantees of the parties," creates a lien in her favor. However, Corinne has omitted that portion of the agreement which provides for the agreement to be binding "upon and inure to the benefit [not detriment] of the *** grantees of the parties." This standard language indicates only that the agreement is a binding transaction between the parties, their successors, or anyone taking title through them. It makes no reference to the establishment of a lien. In fact, the judgment of dissolution expressly required Corinne to release and relinquish all her rights in the property and provided for other types of security. Absent a specific recital, no lien in favor of Corinne arose. See *Interstate Bank v. Cardona* (1988), 167 Ill. App. 3d 214, 521 N.E.2d 140.

■ Finally, we note that the legislature has provided for the creation of judgment liens in the Illinois Marriage and Dissolution of Marriage Act (Act) (see Ill. Rev. Stat. 1987, ch. 40, pars. 505(c), 703). Judgment liens on past-due maintenance (Ill. Rev. Stat. 1987, ch. 40, par. 703) or child support (Ill. Rev. Stat. 1987, ch. 40, par. 505(c)) arise as each installment payment comes due. Neither of these provisions is applicable to this case. Here, the judgment of dissolution does not provide for child support or maintenance. In that judgment, Corinne and Arland agreed to an express, bilateral waiver of maintenance. Additionally, Corinne fails to assert that the monies due her are in fact maintenance in gross.

The legislature has made no provision for the creation of a judgment lien on past-due payments for the "settlement of property." Corinne, nevertheless, argues that a lien can be created in this way. In support of her argument she cites *In re Marriage of Morris* (1989), 190 Ill. App. 3d 293, 546 N.E.2d 734, wherein the First District Appellate Court held that interest under a property settlement is accrued from the date of judgment. However, *Morris* is distinguishable on the ground that the court there ordered accured interest to be paid on both past-due maintenance and an aggregate sum property settlement, which had been "reduced to judgment" on the entry date of the supplemental judgment in the dissolution action, pursuant to a statute requiring the payment of interest. See Ill. Rev. Stat. 1987, ch. 110, par. 2—1303.

Before concluding, we commend the trial court for the obvious care it used and time it expended in preparing its written order in this case. Our task of reviewing this complicated proceeding was greatly facilitated.

For the foregoing reasons, the order of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.