**In re Roice Allan McELWEE, Debtor.**

**Charles JONES, Plaintiff,**

**v.**

**Roice Allan McELWEE and Nona McElwee, Defendants.**

**Bankruptcy No. 92–40969.**
**Adv. No. 92–4140.**

United States Bankruptcy Court,
S.D. Illinois.

Nov. 23, 1993.

**42**

Terry Sharp, Mt. Vernon, IL, for trustee.

Patrick McCann, Murphysboro, IL, for Roice Allan McElwee.

Douglas Antonik, Mt. Vernon, IL, for Nona McElwee.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

In this chapter 7 proceeding, the trustee of the estate of Roice McElwee (debtor) filed a complaint seeking to avoid under 11 U.S.C. § 544(b) the transfer of certain property from debtor to his mother, Nona McElwee (defendant).[1] The relevant facts are as follows:

On November 17, 1986, debtor's ex-wife, Carol McElwee, was granted a divorce by default judgment in Tennessee. To secure the payment of child support and other obligations owed by debtor, the Tennessee court granted her an equitable lien on certain real estate owned by debtor and located in Franklin County, Illinois. Specifically, the judgment provided as follows:

> [T]he Court next considered the need to secure the payment of the alimony, child support and other judgments previously adjudged and decreed herein ... and the Court being of the opinion that it is in the best interest of the plaintiff and minor child if a lien is impressed upon the interests of the Defendant, Roice Allan McElwee, in the above-described tracts of real estate and it is accordingly
>
> ORDERED, ADJUDGED, AND DECREED that there be impressed upon the interest of the defendant, in the above described seven (7) tracts of land, Roice Allan McElwee, *an equitable lien in favor of the plaintiff, Carol Ann Greene McElwee, securing the payments of all child support, alimony, and other payments heretofore determined by this Court as obligations of the defendant, Roice Allan McElwee.*

Default Judgment and Judgment at 12–13, attached as Exhibit B to plaintiff's Complaint (emphasis added). On November 21, 1986, Carol McElwee filed a Notice of Lis Pendens in the Office of the County Clerk of Franklin County, Illinois, indicating that the real estate in question was subject to litigation then

---

**1.** On November 10, 1992, the Court entered an oral order dismissing debtor as a defendant in this adversary proceeding.

pending in Franklin County.[2] She did not, however, record the Tennessee judgment with the county recorder. On November 25, 1986, debtor quitclaimed his interest in the property to his mother, Nona McElwee, for the sum of $10.00. The quitclaim deed was recorded the same day. On October 19, 1987, Carol McElwee filed a state court complaint to set aside, as a fraudulent conveyance, the transfer of property from debtor to his mother. That action is still pending. On July 30, 1992, debtor filed a chapter 7 bankruptcy petition.

In the instant adversary proceeding, the trustee contends that the transfer of property from debtor to his mother was made without adequate consideration and with the intent to hinder, delay or defraud debtor's creditors, and that the transfer is therefore voidable under 11 U.S.C. § 544(b). In a motion for summary judgment filed in response to the trustee's complaint, defendant contends that the trustee has failed to establish the existence of an unsecured creditor whose rights he may assert pursuant to his avoidance powers under section 544(b). Defendant further contends that the trustee's action is barred by the Illinois statute of limitations governing fraudulent conveyances.

■ Section 544(b) provides in pertinent part:

> The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title....

11 U.S.C. § 544(b). Section 544(b) allows the trustee to avoid any transfer of an interest of the debtor in property that is voidable under applicable law—in this case state law—by an *unsecured creditor* with an allowable claim. 4 *Collier on Bankruptcy*, ¶ 544.-03[1] at 544–20 (emphasis added). In order to prevail under this section, the trustee "must establish first that, at the time that the transaction at issue occurred, there was

in fact a creditor in existence who was holding an allowed unsecured claim, and second, that the transaction could have been avoided by such creditor under applicable state law." *In re Tryit Enterprises,* 121 B.R. 217, 222 (Bankr.S.D.Tex.1990). *See also In re McDowell,* 87 B.R. 554, 558 (Bankr.S.D.Ill.1988) (trustee's action under section 544(b) depends upon whether there was a creditor existing at the time the transfer was made that still had a viable claim against debtor at the time the bankruptcy petition was filed); *In re Hecht,* 51 B.R. 72, 76 (Bankr.D.Vt.1985) (to sustain an action under section 544(b), the trustee must show that at least one of the present creditors of the estate was an actual unsecured creditor against whom the transfer was fraudulent and voidable under applicable law). "If there are not creditors within the terms of section 544(b) against whom the transfer is voidable under the applicable law, the trustee is powerless to act so far as section 544(b) is concerned." 5 *Collier on Bankruptcy,* ¶ 544.03[1] at 544–17.

The trustee contends that Carol McElwee was an unsecured creditor at the time debtor transferred the property to his mother, that she remains an unsecured creditor with a viable claim against debtor, and that as trustee, he is entitled to assert her rights and avoid the transfer under section 544(b). Defendant maintains that Carol McElwee is a secured creditor and that the trustee accordingly has no cause of action under 544(b).[3]

A secured creditor is "[a] creditor who holds some special pecuniary assurance of payment of his debt, such as a mortgage, collateral, or lien." *Black's Law Dictionary* 1354 (6th ed. 1990). The trustee argues that because Carol McElwee failed to record the Tennessee judgment with the county recorder in Illinois, she has no lien and is therefore unsecured. In support of his argument, the trustee relies on the following Illinois statute:

> [A] judgment ... is a lien on the real estate of the person against whom it is entered in any county in this State ... only from the time a transcript, certified copy or memorandum of the judgment is

---

2. The pending case was a divorce action instituted by Roice McElwee.

3. The parties agree that there are no other unsecured creditors whose rights the trustee may assert.

filed in the office of the recorder in the county in which the real estate is located. 735 ILCS 5/12–101. The trustee's argument, however, overlooks the fact that the judgment in this case did more than simply order the payment of money. Instead, the judgment expressly created a lien on debtor's real estate to secure the payment of alimony, child support and other amounts owed by debtor to Carol McElwee. As stated by the court in *Dunn v. Thompson,* 174 Ill.App.3d 944, 124 Ill.Dec. 477, 529 N.E.2d 297 (1988), *appeal denied,* 124 Ill.2d 554, 129 Ill.Dec. 148, 535 N.E.2d 913 (1989), "A judgment ordering the payment of money does not automatically create a lien. Such an order does not become a lien unless made so by statute *or unless the decree itself recites that it shall become a lien thereon*". *Dunn,* 124 Ill.Dec. at 480, 529 N.E.2d at 300 (emphasis added). *Accord Saldeen v. Hamelberg,* 198 Ill.App.3d 146, 144 Ill.Dec. 384, 555 N.E.2d 743 (1990), *appeal denied,* 133 Ill.2d 573, 149 Ill.Dec. 337, 561 N.E.2d 707 (1990).

■ In the instant case, the judgment specifically provides that Carol McElwee shall have a lien on debtor's real estate, and it is clear, therefore, that her relationship to debtor is that of a secured creditor. Her failure to record the judgment affects her rights only against third parties. Thus, "[e]ven where recording is necessary to protect the lienor against creditors or innocent purchasers, it has been held not essential to the existence or validity of a lien as between the parties." 53 C.J.S. *Liens* § 10 (1987). *See also In re Donahue,* 862 F.2d 259, 266 (10th Cir.1988) (divorce decree granting debtor's spouse equitable lien on debtor's real estate created secured obligation that could not be discharged, despite spouse's failure to record decree); *All American Holding Corp. v. Elgin State Bank,* 17 B.R. 926, 929 (S.D.Fla. 1982) (perfection of a lien protects the lienor from third parties without knowledge, and

does not involve the relationship of lienor and lienee). Therefore, at the time of the transfer of the property, a valid lien existed between Roice and Carol McElwee.

■ The trustee, however, argues that under section 544(a) of the Bankruptcy Code, he assumes the status of a hypothetical lien creditor, and is entitled, in that capacity, to avoid Carol McElwee's unperfected lien (thereby making her an unsecured creditor). Assuming that the real estate transferred by debtor is property of the estate and that the trustee could avoid Carol McElwee's unperfected lien,[4] the trustee has nevertheless failed to prove one of the necessary elements of section 544(b)—that there was an unsecured creditor in existence *at the time the transfer was made. See In re Tryit Enterprises,* 121 B.R. at 222; *In re McDowell,* 87 B.R. at 558; *In re Hecht,* 51 B.R. at 76. *See also In re Coors of North Mississippi, Inc.,* 66 B.R. 845, 859 (Bankr.N.D.Miss.1986) (trustee does not enjoy the status of a hypothetical judicial lien creditor until the date of the filing of the bankruptcy petition, and as such, that status is inapplicable to a challenged transaction that occurred well over a year prior to the commencement of the bankruptcy case). Having failed to establish the existence of an unsecured creditor, the trustee lacks the authority to pursue the instant complaint.[5]

Accordingly, for the reasons stated, IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

---

**4.** The Court questions whether the real estate transferred by debtor to his mother is property of the estate. *See, e.g., In re Colonial Realty Co.,* 980 F.2d 125, 131 (2d Cir.1992); *Klingman v. Levinson,* 158 B.R. 109 (N.D.Ill.1993) (fraudulently transferred property does not become property of the bankruptcy estate until there has been a judicial determination that the property was fraudulently transferred). However, in view of the Court's decision, resolution of that question is unnecessary at this time.

**5.** In light of its ruling, the Court need not reach the question of whether the trustee's complaint is barred by the Illinois statute of limitations governing fraudulent conveyances.