FIRST NATIONAL BANK OF MT. ZION, Plaintiff-Appellee, v. JOHN FRYMAN *et al.*, Defendants-Appellants.

Fourth District   No. 4—92—0014

Opinion filed October 29, 1992.

Tietz & Richardson, of Decatur (Jeffrey D. Richardson, of counsel), for appellants.

Thomas M. Shade, of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff First National Bank of Mt. Zion purchased a parcel of land located in Macon County following a foreclosure of a judgment lien which was entered on December 12, 1991, and confirmed on December 23, 1991. Defendant John Fryman had acquired title to this property through a previous foreclosure proceeding in December 1985. Defendant appeals the judgment of foreclosure entered on December 12, 1991, and subsequent order of sale regarding this property, contending plaintiff (1) never obtained a valid lien against his property and (2) if a valid lien was created, it lapsed because of plaintiff's failure to revive its judgment which created the lien after seven years from the date it was entered. We affirm.

On February 18, 1976, defendant entered into an agreement for deed to purchase from James R. Yeager, Sr., and James R. Yeager, Jr., the subject property. Plaintiff was the escrow agent for this transaction. Defendant failed to make the final payment on the agreement and thus did not acquire title to the property. The property was encumbered by a mortgage to Millikin National Bank of Decatur which, in 1983, commenced foreclosure proceedings against the Yeagers and defendant in Macon County case No. 83—CH—11. Judgment of foreclosure was entered against both Yeagers on May 30, 1985. The property was ordered sold and the clerk of the court was directed to apply the proceeds first to defendant for his interest in the property. The *lis pendens* notice in this mortgage foreclosure was not filed until January 31, 1985. Defendant was the successful purchaser at the foreclosure sale and he received judicial deed to the property on December 6, 1985.

On September 7, 1983, plaintiff filed a complaint in Macon County case No. 83—L—192 seeking a money judgment against James Yeager, Sr. Plaintiff was awarded such a judgment in the amount of $43,488.87 on February 24, 1984. On March 1, 1984, plaintiff recorded a "Certified Copy of Judgment" in the recorder's office of Macon County. In that document, the circuit clerk did "Certify that on February 24, A.D. 1984, a Judgment was entered by said Court as follows:

> Judgment AGAINST (Name and address) JAMES YEAGER. Amount Forty Thousand Five Hundred Thirty Four Dollars & Forty Six [Count] 1 & Two Thousand Nine Hundred Fifty Four Dollars & Forty One & Costs [Count] 2. In favor of (Name) FIRST NATIONAL BANK OF MT. ZION Court Case Number 83—L—192."

That document also contained the docket entry for February 24, 1984, which stated:

> "Court convened for the transaction of business on February 24, 1984. And thereupon, there were had among others the following proceedings. Judge Donald W. Morthland.
>
> Plaintiff's exhibits Nos. 1 and 2 offered and admitted into evidence. Judgment in favor of the plaintiff and against the defendant on count I in the sum of $40,534.46. Judgment in favor of the plaintiff and against the defendant on count II, in the sum of $2,954.41, and costs of suit. See written judgment order on file."

On November 13, 1990, plaintiff filed a complaint to foreclose the judgment lien against defendant. In that complaint, plaintiff alleged the "Certified Copy of Judgment" filed with the Macon County recorder's office on March 1, 1984, created a judgment lien on the property owned by defendant. Defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) alleging no judgment lien was created since the document filed in the Macon County recorder's office was not a certified copy of the judgment entered against James Yeager, Sr., on February 24, 1984. On January 2, 1991, the trial court denied defendant's motion, finding the document was a memorandum of judgment as defined in section 12—101 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 12—101). Defendant then filed a motion for reconsideration of the trial court's order of January 2, 1991, or alternatively, a finding pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) for leave to file an interlocutory appeal. Both of defendant's motions were denied on January 17, 1991.

Next, defendant filed a motion for summary judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) alleging the facts uncovered through discovery established that plaintiff's lien, if valid, only attached to an undivided one-half interest in the premises since the February 24, 1984, judgment was only rendered against James Yeager, Sr. The motion further alleged that the judgment had lapsed since it had not been revived or executed and levied upon because seven years had passed since the judgment was entered. Plaintiff responded that the judgment of foreclosure action was tantamount to a levy under section 12—108 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 12—108), which extended the seven-year period for one year in order to conduct a sale pursuant to the levy. In the alternative, plaintiff contended the bankruptcy of James Yeager, Sr., which was filed on August 19, 1984, and closed on September 22, 1989, extended the seven-year period.

The trial court granted defendant's motion in part, finding plaintiff's judgment only attached to an undivided one-half interest in the property. The court expressly found, although the judgment was not revived within seven years of its rendition or within any extended period because of the bankruptcy, revival of the judgment was not required because the foreclosure proceeding was commenced by plaintiff within seven years of the rendition of the judgment. Accordingly, that part of defendant's motion was denied.

Plaintiff then moved for summary judgment, which was granted on December 12, 1991. A judgment lien in the sum of $74,000 against an undivided one-half interest in the premises was awarded to plaintiff. The property was sold and the foreclosure sale was confirmed on December 23, 1991. The trial court stayed issuance of the judicial deed for 30 days after the issue of the order confirming the sale and further ordered that if a notice of appeal was filed with the appellate court, the issuance of a judicial deed would be stayed until the mandate issued from the appellate court. Defendant filed his notice of appeal on January 3, 1992.

■ Defendant first contends no judgment lien in favor of plaintiff was created since the document recorded in the Macon County recorder's office was not a certified copy of the judgment nor a memorandum of judgment. Section 12—101 of the Code provided in pertinent part:

"As to real estate included within class two, a judgment is a lien on the real estate of the person against whom it is entered in any county in this State, including the county in which it is entered, only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in

the county in which the real estate is located." (Ill. Rev. Stat. 1983, ch. 110, par. 12—101.)

Thus, there are three documents that could be recorded to create a judgment lien: (1) transcript; (2) certified copy of the judgment; or (3) memorandum of judgment. Unquestionably, the document recorded on March 1, 1984, is not a transcript nor do we believe it is a certified copy of the judgment. First, a copy of the two-page judgment order filed February 24, 1984, signed by Judge Morthland appears in the record on appeal. As this separate order exists, the docket entry for that date does not constitute the judgment order. (*Davidson Masonry & Restoration, Inc. v. J.L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654.) Since there is a separate written order and the docket entry refers to that order, the certified copy of the docket entry is not a "certified copy of the judgment" in terms of section 12—101. See also *Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 472 N.E.2d 400.

■ Accordingly, for plaintiff to have created a valid judgment lien, the document which was recorded must be a memorandum of judgment. Section 12—101 of the Code defines "memorandum" as follows:

"The term 'memorandum' as used in this Section means a memorandum or copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it and showing the court in which entered, date, amount, number of the case in which it was entered, name of the party in whose favor and name of the party against whom entered." (Ill. Rev. Stat. 1983, ch. 110, par. 12—101.)

Defendant suggests this document recorded in the Macon County recorder's office is not a memorandum of judgment because it is not signed by a judge, but rather only attested to by the clerk of the court of Macon County.

■ ■ The document recorded by the plaintiff constituted a memorandum of judgment as defined in section 12—101 of the Code. There are three documents that can be recorded to meet the definition of memorandum: (1) a memorandum of judgment; (2) a copy of the judgment signed by a judge; or (3) a copy of the judgment attested to by the clerk of the court entering it. Contrary to defendant's contention, a memorandum of judgment does not need a signature of a judge; only a copy of the judgment itself need be signed by a judge. The document recorded by plaintiff showed the court entering the judgment, the date and amount of the judgment, the case number

and the names of the parties for and against whom the judgment was entered, all as required by section 12—101.

Moreover, the purpose of this section was satisfied by the filing of this document. A memorandum of judgment is a notice document. (*First National Bank & Trust Co. v. Wissmiller* (1989), 182 Ill. App. 3d 481, 484, 538 N.E.2d 190, 192.) The recordation of this document was sufficient to put defendant on notice of the judgment against James Yeager, Sr., and, thus, satisfied the purpose of this section. Accordingly, the document recorded by plaintiff on March 1, 1984, constituted a memorandum of judgment and created a judgment lien against the property.

Next, defendant contends the trial court erred in holding that the judgment did not have to be revived since the foreclosure proceeding was commenced within seven years of the entry of the judgment.

■ Section 12—101 of the Code provided that a judgment is not a lien against real estate for longer than seven years from the time it is entered or revived. (Ill. Rev. Stat. 1989, ch. 110, par. 12—101.) Section 12—108(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 12—108(a)) states:

"[N]o judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by a proceeding provided by Section 2—1601 of this Act; but real estate, levied upon within the 7 years, may be sold to enforce the judgment at any time within one year after the expiration of the 7 years."

The final judgment against James Yeager, Sr., was entered on February 24, 1984. Thus, unless revived, it would expire on February 23, 1991. James Yeager, Sr., filed for bankruptcy relief on August 9, 1985. He received his bankruptcy discharge on February 13, 1986, and the bankruptcy case was closed on September 22, 1989. Section 12—104 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 12—104) provides that when a party in whose favor judgment was rendered is restrained by an order of court from enforcement of that judgment, the time that party is restrained is not considered as any part of the time measured in sections 12—101 or 12—108 of the Code. The parties agreed in the trial court that the bankruptcy petition of James Yeager, Sr., should extend the time of the lien for 103 days, that being the amount of time between the filing of his petition for bankruptcy relief and the expiration of the redemption period of his rights in the mortgage foreclosure proceeding in which defendant acquired the property. Inasmuch as neither party on appeal contests that calculation, we will also assume that the life of the lien was extended 103

days, thereby making June 6, 1991, the date on which the lien would lapse.

It is defendant's position on appeal that the lien expired on June 6, 1991, and thus the sale of the property in December 1991 to foreclose on the lien was ineffective. Defendant suggests this procedure was not a "levy" within the meaning of section 12—108 of the Code as the sheriff did not participate in the sale, and thus plaintiff is not entitled to the benefit of the additional year in which to perfect the sale of the property. On the other hand, plaintiff contends the filing of the complaint to foreclose on the judgment lien in November 1990 was within the seven-year life of the lien, thus making revival of the judgment unnecessary. Furthermore, plaintiff contends it should get the benefit of the additional year because the filing of the complaint constituted enforcement of the judgment and the judicial sale of the property constituted a levy on the property.

■ We agree with plaintiff that the procedures involved herein are equivalent to a "levy," and, since the property was "levied" upon within the seven years, plaintiff received one year after the expiration of the seven years in which to sell the property. "Levy" is defined as "the taking of property on execution to satisfy a judgment." (Webster's Third New International Dictionary 1301 (1986).) When used as a verb, "levy" means "to seize in satisfaction of a legal claim or judgment"; "to seize real or personal property or subject it to attachment or execution." Webster's Third New International Dictionary 1301 (1986).

■ The purpose of the statute relating to the enforcement of judgments "is remedial and affords a means of collecting a judgment by forcing the sale of the judgment debtor's property, real or personal, or both, to the extent necessary to satisfy the debt and costs." (*Haugens v. Holmes* (1942), 314 Ill. App. 166, 169, 41 N.E.2d 109, 111.) The ultimate result of a levy and a judicial sale pursuant to a judgment of foreclosure of a judgment lien is the same, *i.e.*, the debtor's property is sold to satisfy the judgment. A complaint to foreclose a judgment lien is a levy on real estate in terms of section 12—108 of the Code.

■ Thus, the filing of the complaint to foreclose the judgment lien was sufficient to preserve the lien before the end of the seventh year. However, the property had to be sold within one year after the end of the seventh year, which was done in this instance. The seventh year ended in June 1991 and plaintiff had until June 1992 to complete the sale of the property. The final order confirming the sale was entered in December 1991, which was well within the time restriction.

For the foregoing reasons, we affirm the trial court's order confirming the sale of the property.

Affirmed.

KNECHT and COOK, JJ., concur.