SECOND DIVISION

No. 1-06-3713

| | |
|---|---|
| LOUIS MANIEZ, | ) Appeal from the |
| | ) Circuit Court of |
|     Plaintiff-Appellee, | ) Cook County. |
| | ) |
|     v. | ) No. 05 CH 20618 |
| | ) |
| CITIBANK, F.S.B., HARBOR DRIVE | ) |
| CONDOMINIUM ASSOCIATION and | ) |
| UNKNOWN OWNERS and NONRECORD | ) |
| CLAIMANTS, | ) Honorable |
| | ) Darryl B. Simko, |
|     Defendants | ) Judge Presiding. |
| | ) |
| (Masayo Koshiyama and Robert | ) |
| Jolly, | ) |
| | ) |
|     Defendants-Appellants). | ) |

JUSTICE HALL delivered the opinion of the court:

This case comes before us as a permissive appeal of a certified question pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The plaintiff, Louis Maniez, filed a complaint to foreclose a judgment lien against the defendants, Masayo Koshiyama and Robert Jolly.[1] The circuit court denied the defendants' motion to dismiss but certified the following question:

---

[1]Robert Jolly died during the pendency of the circuit court proceedings. On October 19, 2006, the circuit court granted the plaintiff's motion to amend the complaint to add Ms. Koshiyama, as executrix of Mr. Jolly's estate, as a defendant.

No. 1-06-3713

"[w]hether a Memorandum of Judgment inaccurately describing a judgment as having been entered on a specific date can serve to create a lien as provided by the relevant statute." This court allowed the appeal pursuant to Rule 308.

On December 1, 2005, the plaintiff filed his foreclosure complaint against the defendants. He alleged that the amount of the judgment was $196,774, subject to additional charges for interest and late fees. Attached to the complaint were the following documents: the February 28, 1997, circuit court order entering judgment against the defendants and in favor of the plaintiff in the amount of $110,348.83 plus statutory interest; a memorandum of judgment entered on February 28, 1997, stating that a judgment in favor of the plaintiff and against the defendants had been entered by the court on February 27, 1997; a February 25, 2004, order granting the plaintiff's petition for revival of the February 28, 1997, judgment; a memorandum of revival of judgment entered on February 25, 2004[2]; and the legal description of the real property.

The defendants filed a motion to dismiss the foreclosure complaint pursuant to section 2-619(a)(9) of the Code of Civil

---

[2]The February 25, 2004 memorandum of judgment was limited to in rem effect and only as to real estate owned by Ms. Koshiyama at the time she filed for bankruptcy.

No. 1-06-3713

Procedure (735 ILCS 5/2-619(a)(9) (West 2006)) (the Code). Pertinent to the certified question, the defendants alleged that the 1997 memorandum of judgment did not create a judgment lien on the real property because the memorandum referred to the judgment as having been entered on February 27, 1997, whereas the judgment was entered on February 28, 1997. On October 19, 2006, the circuit court denied the defendants' motion to dismiss. On December 13, 2006, the circuit court modified its October 19, 2006, order by certifying the question of the validity of the judgement lien to this court. As previously noted, this court granted leave to appeal.

                                ANALYSIS

The defendants contend that no judgment lien was created because the plaintiff failed to comply with the requirements of section 12-101 of the Code (735 ILCS 5/12-101 (West 1996)).

                          I.  Standard of Review

Where the appeal concerns a question of law certified by the circuit court pursuant to Rule 308, presenting a question of statutory interpretation and arising in the context of an order denying a section 2-619 motion, the court's review is de novo. Terrill v. Oakbrook Hilton Suites & Garden Inn, L.L.C., 338 Ill. App. 3d 631, 634, 788 N.E.2d 789 (2003).

                             II.  Discussion

No. 1-06-3713

Section 12-101 provides in pertinent part as follows:

"[A] judgment is a lien on the real estate of the person against whom it is entered, only from the time a transcript, certified copy or memorandum of judgment is filed in the office of the recorder of the county in which the real estate is located.

\* \* \*

The term 'memorandum' as used in this Section means a memorandum or copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it and showing the court in which entered, date, amount, number of the case in which it was entered, name of the party in whose favor and name and last known address of the party against whom entered." 735 ILCS 5/12-101 (West 2002).

"At common law, a court-entered judgment did not create a lien upon the real estate of a debtor." Dunn v. Thompson, 174 Ill. App. 3d 944, 947, 529 N.E.2d 297 (1988). A judgment lien is purely a statutory creation. Dunn, 174 Ill. App. 3d at 947. The purpose of the statute "is remedial and affords a means of collecting a judgment by forcing the sale of the judgment debtor's property, real or personal, or both, to the extent necessary to satisfy the debt and costs." Haugens v. Holmes, 314 Ill. App. 166, 169, 41 N.E.2d 109 (1942). "Section 12-101 of the

4

No. 1-06-3713

[Code] provides specific guidelines for the creation of a judgment lien against the real estate of the debtor." Dunn, 174 Ill. App. 3d at 947. Strict compliance with section 12-101 is required. Northwest Diversified, Inc. v. Desai, 353 Ill. App. 3d 378, 387, 818 N.E.2d 753 (2004).

In order to create a lien against real estate, a memorandum of judgment must be recorded and there must be an enforceable judgment standing behind the memorandum. Northwest Diversified, Inc., 353 Ill. App. 3d at 388. In order to have a valid judgment with which to create a lien, the judgment "'must be final, valid, and for a definite amount of money'" and "'it must be such a judgment that execution may issue thereon.'" Northwest Diversified, Inc., 353 Ill. App. 3d at 386, quoting Dunn, 174 Ill. App. 3d at 947.

In Northwest Diversified, Inc., the judgment-creditor assigned the judgment to the plaintiff. The plaintiff filed a memorandum of judgment in Lake County against property owned by the defendant debtor and attempted to levy and execute the judgment against the defendant's property. The sale was set aside because there was no valid assignment of the judgment and because the memorandum of judgment contained an inaccurate judgment amount. Northwest Diversified, Inc., 353 Ill. App. 3d at 391.

5

Northwest Diversified, Inc. is distinguishable. In that case, the judgment amount was inaccurate because it failed to contain a credit amount that was not accounted for in the memorandum of judgment. Section 12-101 specifically requires that the amount of the judgment be set forth in the memorandum of judgment. The credit, part of a reaffirmed assignment, was agreed to a year after the original memorandum of judgment was filed in Lake County, but the parties failed to file a memorandum of judgment after the reaffirmed assignment. Nonetheless, the case illustrates that the filing of a memorandum of judgment with incorrect information did not satisfy the strict compliance standard the courts require in connection with section 12-101.

In response, the plaintiff notes that the memorandum of judgment required by section 12-101 has been characterized as a notice document. See First National Bank & Trust Co. v. Wissmiller, 182 Ill. App. 3d 481, 484, 538 N.E.2d 190 (1989). The plaintiff points out that the defendants have never denied that a judgment was entered on February 28, 1997, and the record supports the fact that they knew the judgment was entered. While the plaintiff does not dispute that the memorandum of judgment contains the wrong date of the judgment, he maintains that insertion of the wrong date into the memorandum of judgment does not invalidate the judgment where there was a valid judgment and

No. 1-06-3713

the mistake was attributable to a scrivener's error.

The plaintiff's reliance on First National Bank of Mt. Zion v. Fryman, 236 Ill. App. 3d 754, 602 N.E.2d 876 (1992), is misplaced. The case actually provides support for the defendants. In that case, the defendant entered into an agreement for deed with the Yeagers but because he failed to make the last payment, he did not receive a deed. The property went into foreclosure, and the defendant purchased it at the foreclosure sale and received a deed on December 5, 1985. However, the plaintiff had received a money judgment against Mr. Yeager, Sr., and recorded a certified copy of the judgment on March 1, 1984. Subsequently, the plaintiff filed suit against the defendant to foreclose the judgment lien. After the plaintiff was awarded a judgment lien, the defendant appealed. The issue was whether the memorandum of judgment required a judge's signature to be valid. The court held that only the judgment required the judge's signature. The court noted that the document filed by the plaintiff constituted a memorandum of judgment since it showed the court entering judgment, and the date and amount of the judgment, the case number and the names of the parties for and against whom the judgment was entered, as required by section 12-101.

Pertinent to the present case, the court then stated as

7

No. 1-06-3713

follows:

> "Moreover, the purpose of this section [12-101] was
> satisfied by the filing of this document.  A memorandum of
> judgment is a notice document. [Citation.]  The recordation
> of this document was sufficient to put defendant on notice
> of the judgment against James Yeager, Sr., and, thus,
> satisfied the purpose of this section." First National Bank
> of Mt. Zion, 236 Ill. App. 3d at 759.

As illustrated by the above case, the purpose of recording the memorandum of judgment is not just to alert the debtor that a judgment has been entered but prospective purchasers as well.  In the present case, the memorandum of judgment showing a judgment date of February 27, 1997, would not have sufficed to put a purchaser on notice that a judgment had been entered against the defendants on February 28, 1997.

With regard to the plaintiff's scrivener's error argument, we find In re Application of the County Collector, 295 Ill. App. 3d 703, 692 N.E.2d 1211 (1998), instructive.  In that case, Midwest purchased property at a tax sale and received a tax deed. The owner sued to set aside the issuance of the tax deed on the grounds that Midwest's notice sale failed to comply with section 22-10 of the Property Tax Code (35 ILCS 200/22-10 (West 1994)) when it failed to "'completely fill[]in' the forms" by omitting

8

the prefix portion of the certificate numbers from the statutory notice form. In re Application of the County Collector, 295 Ill. App. 3d at 707.

The reviewing court noted that the statute required strict compliance with section 22-10. After rejecting Midwest's argument that the omission of the numbers was harmless error, the court addressed Midwest's alternative argument that the omission was a typographical or scrivener's error which did not operate to defeat the validity of the tax deed, stating as follows:

"To judge the merits of this argument, we must consider this court's opinion in Petition of Ohr [In re Application of Cook County Collector, 100 Ill. App. 3d 178, 426 N.E.2d 947 (1981)]. In that case, the court found noncompliance with the statutory notice requirements, where the take notice misstated that the subject property was in Hickory Hills; in actuality, the property was located in Bridgeview. [Citation.] The court went on to distinguish an early case considered by our supreme court [Garrick v. Chamberlain, 97 Ill. 620, 638 (1880)], where the high court found a notice valid even though it misdescribed the property as 'lot 5, lot 23' rather than 'lot 5, in Block 23.' (Emphasis omitted.) [Citation.] The court in Ohr stated:

'[W]e find that the mistake in Garrick was readily

9

apparent on the face of the notice. When a

typographical error is readily apparent on the face of

[the] notice, the error does not necessarily mean that

the notice fails to comply with the statutory notice

requirements.' [Citation.]" In re Application of the

County Collector, 295 Ill. App. 3d at 709.

The court rejected Midwest's scrivener's error argument finding that the evidence indicated that the omission was not a mistake but rather the product of Midwest's belief that the omitted numbers were irrelevant. Pertinent to the case before us, the court then stated as follows:

"Second, neither Garrick nor Ohr supports the proposition

implicit in Midwest's fallback argument: that notice forms

containing scrivener's errors necessarily comply with the

statutory notice requirements. Thus, even if Midwest's

omission of the prefix were a mere typographical or

scrivener's error, Ohr leaves open the possibility that such

errors may also constitute noncompliance with the notice

requirements of the Property Tax Code." In re Application

of the County Collector, 295 Ill. App. 3d at 710.

Finally, noting that its decision might be viewed as a "rigid and legalistic application" of section 22-10's strict compliance language, the court pointed out that the "purpose of the tax

10

sales provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property." In re Application of the County Collector, 295 Ill. App. 3d at 710.

As noted above, case law requires strict compliance with section 12-101. See Northwest Diversified, Inc., 353 Ill. App. 3d at 391 (court noted that real estate sales had been set aside, even after the redemption period had expired, where the judgment lien statute was not strictly complied with and an irregularity existed in the sale). Even if we were to agree with the plaintiff that the inclusion of the incorrect date in the memorandum of judgment was a scrivener's error, we must strictly adhere to the requirements of section 12-101. The memorandum of judgment referred to a judgment date of February 27, 1997. No judgment, valid or otherwise, was entered on that date. It is undisputed that no judgment was entered on that date. Unlike Garrick, the scrivener's error in this case was not readily apparent on the face of the memorandum. Since a valid judgment lien cannot be created without a valid judgment, the February 28, 1997, memorandum of judgment, referring to a nonexistent judgment, did not create a lien against defendants' real property.

The defendants then argue that if no lien was created by the

11

No. 1-06-3713

recording of the original memorandum of judgment, the revival of the judgment in 2004 was a nullity. Since the plaintiff would have no lien against the defendants' property, in the interest of judicial economy, the defendants urge this court to enter an order dismissing the complaint. See Dowd & Dowd v. Gleason, Ltd., 181 Ill. 2d 460, 472, 693 N.E.2d 358 (1998) (court may go beyond the limits of a certified question in the interests of judicial economy). However, we are not required to do so. We have previously held that our review is strictly limited to the question identified by the circuit court's order and would not be expanded on appeal to encompass other matters that could have been included but were not. Levy v. Markal Sales Corp., 311 Ill. App. 3d 552, 554, 724 N.E.2d 1008 (2000). Therefore, we decline to dismiss the foreclosure complaint.

In answering the certified question, we conclude that a memorandum of judgment inaccurately describing a judgment as having been entered on a specific date does not create a lien under section 12-101 of the Code.

Certified question answered; case remanded.

SOUTH and KARNEZIS, JJ., concur.

12

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
## (Front Sheet to be attached to each Opinion)

| | |
|---|---|
| **Please use the following form:** | ] |
| | ] |
| | ] THE CHICAGO PROVINCE OF THE SOCIETY OF JESUS, and FIRST NONPROFIT INSURANCE COMPANY a/s/o The Chicago Province of the Society of Jesus, |
| | ] |
| | ]          Plaintiffs-Appellees, |
| | ]      v. |
| | ] |
| | ] CLARK AND DICKENS, L.L.C., NEW CHICAGO PARTNERS, L.L.C., HENEGHAN WRECKING CO., HARD ROCK CONCRETE CUTTERS, INC., ILLINOIS DRILLING AND TESTING COMPANY, and KEVIN SALMON, |
| | ] |
| | ]          Defendants-Appellees |
| | ] |
| | ] Pioneer Concrete Raising Services, Inc., Quality Excavation, Inc., and West Suburban Concrete Company; |
| | ] |
| | ]          Defendants-Appellants; |
| | ] |
| | ] Foundation Engineering, Inc., Robert L. Miller and Associates, and Chatain and Company, |
| | ] |
| | ]          Defendants. |
| **Complete TITLE of Case.** | ] |

| | |
|---|---|
| **Docket No.** | ]       <u>No. 1-07-0960; 1-07-1003 (Cons.)</u> |
| | ]         **Appellate Court of Illinois** |
| **COURT** | ]         **First District, First Division** |
| | ] |
| | ]             **JUNE 09, 2008** |
| **Opinion Filed** | ]         **(Month, Day and Year)** |
| | ] |

| | |
|---|---|
| **JUSTICES** | ] <u>JUSTICE ROBERT E. GORDON delivered the opinion of the court.</u> |
| | ] |
| | ] <u>CAHILL, P.J., and WOLFSON, J., concur.</u> |
| | ] |

| | |
|---|---|
| **APPEAL from the Circuit Court of Cook County; the Hon:_____ Judge Presiding** | ] Lower Court and Trial Judge(s) in form indicated in margin: <br> ] Appeal from the Circuit Court of Cook County. <br> ] <br> ] Honorable **Brigid Mary McGrath,** , Judge Presiding. |
| **For APPELLANTS John Doe of** | ]Indicate if attorney represents APPELLANTS or ]APPELLEES and include attorneys of counsel. |

Chicago.
For APPELLEES,
Smith and
Smith, of
Chicago.
Brown,
of Counsel.

Also add atty.
for third party
appellants
or appellees.

| Indicate the word NONE if not represented. |
| ---------------------------------------------------------------------------------- |

The Hunt Law Group, LLC
Chicago, Illinois   60606
Attorneys for Defendant-Appellant - Pioneer & Concrete Raising Serv.
Attn: Brian J. Hunt and W. Scott Trench
   OF COUNSEL

Mulherin, Rehfeldt & Varchetto, P.C.
Wheaton, Illinois   60187
Attorneys for Defendant-Appellant Quality Excavation, Inc.
Attn: Stephen A. Rehfeldt
   OF COUNSEL

Belgrade & O'Donnell, P.C.
Chicago, Illinois 60606
Attorneys for Defendant-Appellant- West Suburban Concrete Co.
Attn: John A. O'Donnell, P.C. and George M. Velcich
   OF COUNSEL

Stellato & Schwartz, Ltd.
Chicago, Illinois   60602
Attorneys for Plaintiff-Appellee First NonProfit Ins. Co.
a/s/o The Chicago Province of the Society of Jesus
Attn: Ester Joy Schwartz; Richard D. Foody;
 Donald E. Stellato; and David S. Allen
OF COUNSEL

Sudekum, Cassidy & Schulruff, Chtd.
Chicago, Illinois   60602
Attorneys for Plaintiff-Appellee - The Chicago Province
of the Society of Jesus
Attn: Frederick J. Sudekum III; Jeffrey D. Naffzinger;
and Florence M. Schumacher
OF COUNSEL

_____(USE REVERSE SIDE IF NEEDED_____

**14**