2020 IL App (3d) 180096

Opinion filed August 31, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| JULIA C. HATCHER and JOANNA KRAUS, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiffs-Appellants, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES G. HATCHER; RICHARD N. | ) | |
| GENTRY Jr., as Representative of the Estate | ) | |
| of Cynthia Hatcher; and R&W | ) | Appeal No. 3-18-0096 |
| APARTMENTS, LLC, an Illinois Limited | ) | Circuit No. 13-L-164 |
| Liability Company, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Richard N. Gentry Jr., as Representative of the | ) | |
| Estate of Cynthia Hatcher, | ) | Honorable |
| | ) | Michael McCuskey, |
| Defendant-Appellee). | ) | Judge, presiding. |

_____

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices O'Brien and Wright concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Plaintiffs, Julia C. Hatcher and Joanna Kraus, and their sister, Maria Martin, were named

beneficiaries of a testamentary trust created by their grandfather, James G. Hatcher (testator).

Also named as a beneficiary of the trust was the plaintiffs' stepmother, defendant Cynthia

Hatcher (now deceased, with Cynthia's estate substituted as a defendant). Plaintiffs filed an

unjust enrichment claim against Cynthia's estate in relation to distributions made from the trust estate to Cynthia by the trustee, her husband, James G. Hatcher.[1] Following a bench trial, the trial court entered a judgment in favor of Cynthia's estate regarding plaintiffs' unjust enrichment claim. Plaintiffs filed a motion to reconsider, which the trial court denied. Plaintiffs appealed, arguing that the trial court erred in entering a judgment in favor of Cynthia's estate regarding their unjust enrichment claim and erred in denying their motion to reconsider. We affirm the judgment of the circuit court.

¶ 2                                              I. BACKGROUND

¶ 3        On January 28, 1992, a testamentary trust was created by plaintiffs' paternal grandfather by virtue of his last will and testament. The trust was to become effective upon the testator's death and was to terminate after 20 years. The plaintiffs' grandfather died on November 4, 1992.

¶ 4        In the will, the plaintiffs' grandfather gave all his books, pictures, clothing, and articles of household or personal use or ornament, household furnishings and effects, and any other tangible personal property, to his two sons (James G. Hatcher (James) and William Hatcher (Bill)) to be divided equally. Their grandfather devised and bequeathed half of the "rest, residue and remainder" of his real and personal property to Bill, per stirpes, and the other half to James, "as Trustee of the James G. and Helen C. Hatcher Trust, to be held by him in trust, for the uses and purposes and with the powers and duties following." The terms of the trust provided:

> "The Trustee [s]hall pay so much of the net income of the trust estate as he shall
> in his sole discretion determine in installments of equal or unequal amounts at his sole
> discretion no less than quarterly to [the testator's] daughter-in-law, Cynthia Hatcher, so

---

[1]James's middle name differs from that of his father, the testator, who was also named James G. Hatcher.

long as she shall so remain in status, and [the testator's] granddaughters, Julia Hatcher, Maria Martin, and Joanna Hatcher [James's three daughters from his marriage with his first wife who had passed away]. Any income not distributed shall be added to principal no less than annually. The Trustee shall have the power to encroach upon the principal of the trust estate for the benefit of any one or more of the beneficiaries of the trust as in his sole discretion he shall determine, whether because of sickness, accident or otherwise, and for educational purposes. As far as practicable any distribution of principal made by my Trustee to a grandchild pursuant to the foregoing power of encroachment, shall be charged, without interest, against any share to which such grandchild shall become entitled upon the termination of the trust."

¶ 5 Under the terms of the trust, upon its termination 20 years after the testator's death, "the Trustee shall divide and distribute the trust estate into such number of equal shares as my [*sic*] be necessary and sufficient to provide one such share for each of my granddaughter beneficiaries who shall then be living, and one equal share for the then living descendants, collectively, of each of my granddaughter beneficiaries who may then be dead, which shares shall again be distributed to such descendants, per stirpes." The terms of the trust also indicated that the trustee "shall have full power and authority to do any and all things necessary or proper to manage and control the property" of the trust.

¶ 6 During the 20-year life of the trust, James distributed $311,682.25 of the trust's income and $97,012 of the trust's principal to his wife, Cynthia. The distributions were made into a bank account jointly held by Cynthia and James. In making the distributions, James mainly considered their joint debts. No distributions were made to any of the other beneficiaries.

3

¶ 7     On July 13, 2013, plaintiffs filed a five-count complaint, which was subsequently amended twice as to counts I, II, and III, and amended three times as to count IV. Counts I, II, and III, were brought against James, as the trustee, for his failure to provide an accounting during the 20-year life of the trust, for a breach of James's fiduciary duty to remain impartial and loyal, and for a breach of James's fiduciary duty to avoid self-dealing. Count IV alleged an unjust enrichment claim against James and Cynthia. Count V was brought against R&W Apartments, LLC,[2] for a constructive trust. Only count IV is at issue in this appeal.

¶ 8     In the third-amended count IV, plaintiffs alleged that James and Cynthia had been unjustly enriched because James, as trustee, breached his fiduciary duties to plaintiffs and abused his discretion by "making all distributions of income and principle of the Trust solely to his wife, Cynthia Hatcher." The plaintiffs alleged that James, as trustee, paid trust funds to Cynthia into James and Cynthia's joint bank account, and then James used the funds for his own personal benefit, paying for such things as repairs on his personal residence, personal expenses, entertainment, and recreation. The plaintiffs alleged that the funds that had been distributed to Cynthia were made in violation of James's fiduciary duties of impartiality, loyalty, and avoidance of self-dealing, which resulted in James and Cynthia being unjustly enriched by over $400,000. Plaintiffs alleged that they have a "superior claim to the funds," Cynthia was unjustly enriched by her "receipt and acceptance" of the income and principle distributions, and plaintiffs were denied income and principle distributions to which they were entitled.

---

[2]The trust owned a 55% interest in two apartment buildings. James took out a loan from the trust and executed a $58,300 promissory note in favor of the trust, which was signed by him and purportedly signed by Cynthia (but never proven to have been signed by Cynthia). James used the money for him and Cynthia to purchase the remaining 45% interest in the apartment buildings. James subsequently transferred both his and Cynthia's 45% ownership interest and the trust's 55% ownership interest in the apartment buildings into an LLC—R&W Apartments, LLC. Upon Cynthia's death, Cynthia's portion of her and James's 45% ownership interest was transferred to James.

¶ 9        On August 18, 2017, after a two-day bench trial, the trial court found James did not breach his fiduciary duties of impartiality and loyalty because under the unambiguous language of the will, James had "unfettered discretion" to distribute the funds of the trust. However, the trial court found that James breached his fiduciary duty of accounting and that the breach was so egregious that James was not entitled to any of the fees or compensation he had taken throughout the duration of the trust. The trial court also found that James breached his fiduciary duty against self-dealing with regard to the manner in which he established the R&W Apartments, LLC. The trial court determined that a constructive trust had to be established and the property had to be sold. The trial court did not enter a final judgment pertaining to James or R&W Apartments, LLC, due to pending issues pertaining to the constructive trust and the sale of the property.

¶ 10        As for the unjust enrichment claim in count IV, the trial court entered a judgment in favor of Cynthia's estate and against plaintiffs. The trial court made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that the order entered in favor of Cynthia's estate on the unjust enrichment claim was final and appealable and there was no just reason to delay an appeal. Plaintiffs filed a motion to reconsider, which the trial court denied. Plaintiffs appealed the judgment entered in favor of Cynthia's estate and against plaintiffs on count IV and appealed the order denying their motion to reconsider.

¶ 11                              II. ANALYSIS

¶ 12        On appeal, plaintiffs argue that the trial court erred in denying their unjust enrichment claim asserted against Cynthia's estate. Plaintiffs first contend the trial court erred in determining that the trustee had "unfettered discretion" in making the distributions of principal and income to Cynthia and further erred by finding a lack of proof as to Cynthia's unjust enrichment. In response, the representative of Cynthia's estate argues that plaintiffs failed to prove Cynthia

5

unjustly received and retained a benefit and failed to prove the amount of any such alleged benefit to Cynthia.

¶ 13    A reviewing court will apply a *de novo* review to the trial court's interpretation of the terms of a trust. *In re Estate of Lee*, 2017 IL App (3d) 150651, ¶ 31. In construing a trust, a court must determine the settlor's intent and give effect to that intent if it is not contrary to public policy. *Peck v. Froehlich*, 367 Ill. App. 3d 225, 231 (2006). To determine the settlor's intent, courts examine the plain and ordinary meaning of the terms of the instrument, considering the entire document. *Fifth Third Bank, N.A. v. Rosen*, 2011 IL App (1st) 093533, ¶ 23. "[T]he provisions of a will or trust should not be read in isolation." *Id.*

¶ 14    What may constitute an abuse of discretion by the trustee depends on the terms of the discretion and on " 'the settlor's purposes in granting the discretionary power and in creating the trust.' " *Peck*, 367 Ill. App. 3d at 231 (quoting Restatement (Third) of Trusts § 50(2), at 258 (2003)). The purpose of the trust and the grant of power to the trustee must be read together. *Id.* Where the settlor intends a particular purpose, it would be improper to ignore that purpose and conclude that the trustee had unfettered discretion. *Id.* However, it is possible for a trust to indicate an intent to bestow a gift only when the gift falls within the discretion of the trustee. See *Rubinson v. Rubinson*, 250 Ill. App. 3d 206, 213-14 (1993) (rejecting a trust beneficiary's argument that a recital of the settlor's intent to express her love for her grandchildren and children prevented the trustees from divesting the beneficiary of her beneficial interest where the terms of the trust granted broad discretion to the trustees to decide whether and when to pay the trust beneficiaries).

¶ 15    To state a cause of action upon a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that defendant's

6

retention of the benefit violates fundamental principles of justice, equity, and good conscience. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160 (1989). A plaintiff alleging an unjust enrichment claim may be seeking to recover a benefit the plaintiff gave directly to the defendant or one which was transferred to the defendant by a third party. See *id.* at 161. To establish that the retention of a benefit conferred upon the defendant by a third-party constituted an unjust enrichment, a plaintiff must show that (1) the benefit should have been given to the plaintiff, but the third party mistakenly gave it to the defendant instead, (2) the defendant procured the benefit from the third party through some type of wrongful conduct, or (3) the plaintiff for some other reason had a better claim to the benefit than the defendant. *Id.* at 161-62.

¶ 16        In this case, neither party contends that the language of the trust is ambiguous. Our review of the trust language indicates an intent by the testator for the trustee to have the sole discretion in determining whether and when to distribute a benefit to any of the beneficiaries. Here, the language of the trust indicated that James, as trustee, "shall pay" as much of the net income of the trust "as he shall in his sole discretion determine in installments of equal or unequal amounts at his sole discretion no less than quarterly" to Cynthia and to the testator's granddaughters. The plaintiffs argue that this language required some amount of income be paid to all beneficiaries on at least a quarterly basis. We conclude, however, that the terms of the trust granted James authority to pay "so much of the net income of the trust estate as he shall in his sole discretion determine," which included the authority to make no distributions.

¶ 17        The language of the trust also gave James, as trustee, the power to encroach upon the principal of the trust estate for the benefit of any of the beneficiaries "as in his sole discretion he shall determine." Plaintiffs argue that the trustee's power to encroach on the principal was

7

restricted by the phrase "whether because of sickness, accident or otherwise, and for educational purposes." Plaintiffs argue that the word "otherwise" is related to the word "accident" and, therefore, did not give James unfettered discretion to encroach upon the principal. Plaintiffs contend that the lack of a serial comma (also known as an "Oxford" comma) following the word "accident" limits the word "otherwise" as being related to the word "accident." We, however, conclude that the word "otherwise" bears no such limitation.

¶ 18        " 'The serial comma [is the comma that] separates items, including the last from the next to last, in a list of more than two.' " *Heyliger v. People*, 66 V.I. 340, 351 (2017) (quoting Bryan A. Garner, The Elements of Legal Style 15 (2d ed. 2002)). "[I]t is entirely common and accepted in American English for the final item in a list to not be preceded by a comma." *Princeton Excess & Surplus Lines Insurance Co. v. Hub City Enterprises, Inc.*, 418 F. Supp. 3d 1060, 1066-67 (M.D. Fla. 2019). Although the use of a serial comma can aid in interpretation, "caution should be exercised in utilizing it as a controlling interpretive tool for the reason that its use is entirely optional and not universal." *Heyliger*, 66 V.I. at 351-52.

¶ 19        In this case, the language of the trust grave James, as trustee, the authority to encroach upon the principal of the trust for the benefit of any of the beneficiaries "as in his sole discretion he shall determine." James's discretion to encroach upon the principal of the trust was not limited to education, accident, or sickness. He was also authorized to "otherwise" encroach upon the principal to benefit a beneficiary. The term "otherwise" is listed within a series with "sickness" and "accident." Thus, James had the authority to encroach upon the principal of the trust for the benefit of Cynthia as in his sole discretion he determined, even if not for specifically for sickness, accident, or education.

¶ 20    Consequently, plaintiffs cannot show that (1) a benefit should have been given to them but was mistakenly given to Cynthia, (2) Cynthia procured a benefit from James through wrongful conduct, or (3) plaintiffs had a better claim to the benefit than Cynthia. Therefore, the trial court did not err in entering a judgment in favor of Cynthia's estate and against plaintiffs on count IV for unjust enrichment.

¶ 21                                    III. CONCLUSION

¶ 22    The judgment of the circuit court of Peoria County is affirmed.

¶ 23    Affirmed.

**No. 3-18-0096**

| | |
|---|---|
| **Cite as:** | *Hatcher v. Hatcher*, 2020 IL App (3d) 180096 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 13-L-164; the Hon. Michael McCuskey, Judge, presiding. |
| **Attorneys for Appellant:** | Stephen M. Buck, of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Peoria, for appellants. |
| **Attorneys for Appellee:** | Christopher J. Spanos, of Westervelt, Johnson, Nicoll & Keller, LLC, of Peoria, for appellee. |