2022 IL App (2d) 210489
No. 2-21-0489
Opinion filed May 10, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| TATYANA RIVTIS, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21-CH-8 |
| | ) | |
| VOLKAN TURAN; DITECH FINANCIAL, | ) | |
| LLC; UNKNOWN OWNERS; and | ) | |
| NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Suzanne C. Mangiamele, |
| (Volkan Turan, Defendant-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     The issue here is whether the documents attached to plaintiff's, Tatyana Rivtis, complaint

for foreclosure against the property of defendant, Volkan Turan,[1] constituted a sufficient

memorandum to create a judgment lien. We determine that the documents were insufficient. Thus,

we affirm the judgment on the pleadings entered in favor of defendant on plaintiff's foreclosure

complaint.

¶ 2                                I. BACKGROUND

_____
    [1] Other named defendants were later dismissed by plaintiff.

¶ 3    Supporting plaintiff's complaint to foreclose a judgment lien were judgments entered in Cook County and filed with the McHenry County Recorder's Office and a document titled "Judgment Lien," signed by plaintiff's attorney (Judgment Lien). Our knowledge of what transpired in Cook County is limited to those and other documents attached to the filings in the trial court. In that light, we lay out chronologically what occurred in this case.

¶ 4    In 2017, plaintiff loaned defendant $50,000. Proving the loan was a promissory note. Although the promissory note provided that Mint Remodeling Corporation (Mint) was the debtor, defendant signed the promissory note personally, not in his corporate capacity as president of Mint.

¶ 5    In 2018, the loan being unpaid, plaintiff filed in Cook County a five-count complaint against defendant and Mint (case No. 2018-CH-09199). Count I was withdrawn, and counts IV and V were dismissed, leaving counts II and III. Count II sought recovery against defendant "for his involvement guaranteeing the promissory note or otherwise being primarily responsible for the promissory note by reason of his failure to execute it in his corporate capacity." Count III sought recovery from Mint, but "*only in the alternative to Count* II." (Emphasis in original.)

¶ 6    On October 26, 2020, the Cook County trial court filed an order entering judgment for plaintiff and against defendant and Mint[2] for (1) $50,000 in unpaid principal, (2) 5% interest computed at $6041.61, and (3) undetermined attorney fees. The promissory note provided for the award of interest and attorney fees. The order specified that defendant and Mint were jointly and severally liable for the judgment. The order also noted that (1) plaintiff had petitioned for attorney fees of $14,131.15, (2) defendant and Mint objected, and (3) the court scheduled the petition for a

_____

[2] The court's order entered judgment against defendant on count II and against Mint on count III.

hearing. The order was signed with the judge's initials and stamped with the judge's name and the date.

¶ 7    On November 30, 2020, the Cook County trial court filed an order entering judgment for plaintiff and against defendant and Mint for $13,331.15 in attorney fees and costs. Like the one entered October 26, 2020, this order was signed with the judge's initials and stamped with the judge's name and the date.

¶ 8    Later that same day, plaintiff filed in the McHenry County Recorder's Office the Judgment Lien, which listed defendant and Mint as defendants and provided that plaintiff "hereby files her lien for unpaid judgment from Cook County case # 2018-CH-09199, in the amount of $69,372.76 *** against the Property of Debtor [defendant]."[3] The Judgment Lien also listed the "common address" for defendant, the real estate permanent index number, and a legal description of the property. Plaintiff's attorney signed the Judgment Lien and attested under section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2020)) that "the judgment recorded herein reflects the true and correct judgment entered against [defendant] in the Circuit Court of Cook County, case number 2018-CH-09199." Attached to the Judgment Lien were the Cook County trial court's orders entered on October 26 and November 30, 2020.

¶ 9    On January 14, 2021, the Cook County trial court *sua sponte* vacated the judgment against Mint.[4] The court's order noted that "[s]ince the Court has found in favor of plaintiff under Count

---

[3] The unpaid judgment was for $50,000 in unpaid principal, $6041.61 in interest, and $13,331.15 in attorney fees and costs.

[4] The record does not affirmatively indicate why the trial court *sua sponte* reviewed its order. The record suggests that a motion to reconsider was filed and a judgment on that motion

II, the Court does not believe upon further reflection that it can enter judgment on Count III against [Mint]." The order was signed with the judge's initials and stamped with the judge's name and the date.

¶ 10    On January 19, 2021, plaintiff filed in case No. 21-CH-8 a complaint to foreclose the Judgment Lien. Attached to the complaint was the Judgment Lien along with the Cook County trial court orders from October 26 and November 30, 2020.

¶ 11    Defendant moved to strike the complaint and also filed an answer. In his answer, defendant contended, among other things, that the Judgment Lien was deficient or invalid, or both. Attached to the answer was (1) the promissory note, wherein defendant personally guaranteed the repayment to plaintiff of a $50,000 loan; (2) the Cook County trial court's order from January 14, 2021; and (3) a letter from the clerk of the First District Appellate Court dated February 17, 2021, indicating that a notice of appeal was filed in case No. 2018-CH-09199.[5]

¶ 12    Thereafter, both parties filed, among other things, cross-motions for judgment on the pleadings (*id.* § 2-615(e)). Plaintiff argued that she was entitled to judgment on her foreclosure

---

was entered on January 13, 2021. Because the trial court retained jurisdiction over the case for 30 days after January 13, 2021, we determine that the trial court had jurisdiction to enter the January 14, 2021, order vacating the judgment against Mint. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); see also *People v. Smith*, 232 Ill. App. 3d 121, 127 (1992) (recognizing that a trial court may *sua sponte* reconsider a prior final appealable order within 30 days of its entry because that is the period for which it retains jurisdiction).

[5] In that appeal, the First District affirmed the judgment entered against defendant. See *Rivtis v. Woma, Inc.*, 2022 IL App (1st) 210147-U.

complaint because "[d]efendant has admitted (in a rather roundabout way) that there was a judgment against [him], in favor of [p]laintiff." She claimed that defendant "admitted to, and the [c]ourt may take judicial notice of, the existence of a filed judgment lien" and that "[a]ll statutorily necessary parties have been brought into the case (which is only [defendant])." Further, plaintiff noted that "[d]efendant has not brought up any statutory defense" or "any affirmative matter that is relevant or defeats the claim."

¶ 13     Defendant argued that he was entitled to judgment on the foreclosure complaint because, among other things, plaintiff never executed a valid judgment lien. Defendant claimed that plaintiff failed to comply with section 12-101 of the Code (*id.* § 12-101) in that she "never filed a transcript, never filed a certified copy and never filed a memorandum of the judgment alleged to be at issue." Defendant asserted that "what [plaintiff] has 'filed' is an irrelevancy as to any actual attachment of anything relating to [the] Cook County case which is under appeal." Moreover, defendant noted that "[p]laintiff also has failed to inform[ ] the Court that the entire judgment against [Mint] *** was vacated." Defendant concluded that "[i]t is therefore a legal impossibility for [p]laintiff to seek to 'foreclose' on real estate which she has failed to legally attach to any alleged judgment in a Cook County case."

¶ 14     In response to defendant's motion for judgment on the pleadings, plaintiff argued that she executed a valid judgment lien. She asserted that "[t]he judgment lien complies with the specific requirements of [12-101 of the Code] in two different ways." She stated that, "[f]irst, [the Judgment Lien] contains copies of both [the October 26 and November 30, 2020,] orders, signed by the judge, [and] showing the court in which the judgment was entered, the dates on which they were entered, the amount, and the number of the case in which they were entered." Plaintiff also stated that "[t]he [J]udgment [L]ien itself contains the address of debtor [defendant]." Thus, she argued,

"the [Judgment Lien] itself, with the attachments, constitutes a single memorandum containing all of the [necessary] information [under section 12-101 of the Code]."

¶ 15    Following a hearing, the McHenry County trial court granted defendant's motion for judgment on the pleadings. The court observed that plaintiff and defendant agreed that the documents attached to plaintiff's foreclosure complaint constituted neither a "transcript" nor a "certified copy" as specified under section 12-101 of the Code. *Id.* Thus, those documents had to qualify as a "memorandum" under that section to be effective. *Id.* The court determined that the documents could not be construed as a valid memorandum, because section 12-101 of the Code must be strictly construed but was not satisfied. More specifically, in distinguishing *First National Bank of Mt. Zion v. Fryman*, 236 Ill. App. 3d 754 (1992), the court noted that (1) the documents filed were not final, as the Cook County trial court's January 14, 2021, order vacating the judgment against Mint modified the October 26 and November 30, 2020, orders; (2) the Judgment Lien was not signed by a judge or certified by the clerk of the court; and (3) none of the Cook County court's orders contained defendant's address. This timely appeal followed.

¶ 16                              II. ANALYSIS

¶ 17    The main issue is whether the court should have denied defendant's motion for judgment on the pleadings. Before considering that issue, we address two matters. First, we address plaintiff's request in her reply brief to strike portions of defendant's statement of facts that concern "matters outside the Record on Appeal." We will not consider statements from either party unsupported by the record. Second, we observe that, in her opening brief, plaintiff quoted a portion of section 12-101 of the Code that concerns liens on property for unpaid child support payments, which is not at issue here. After defendant pointed out the error, plaintiff quoted the relevant portion of section 12-101 in her reply brief. Plaintiff offered in her defense that the quoted relevant

and irrelevant portions were nearly identical. We caution plaintiff to be more careful to avoid such errors in the future.

¶ 18    Turning to the merits, section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2020)) provides that "[a]ny party may seasonably move for judgment on the pleadings." "A motion for judgment on the pleadings is like a motion for summary judgment but is limited to the pleadings." *In re Estate of McDonald*, 2020 IL App (2d) 191113, ¶ 69. "[A] judgment on the pleadings is proper only when the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Id.* "When presented with a section 2-615(e) motion, 'the trial court can only consider the facts apparent from the face of the pleadings, attachments to the pleadings, judicial admissions in the record, and matters subject to judicial notice.' " *Farmers Insurance Exchange v. Cheekati*, 2022 IL App (4th) 210023, ¶ 12 (quoting *Illinois State Bar Ass'n Mutual Insurance Co. v. Leighton Legal Group, LLC*, 2018 IL App (4th) 170548, ¶ 33). "A party moving for judgment on the pleadings concedes the truth of the well-pled facts in the [other party's] pleadings." *Estate of McDonald*, 2020 IL App (2d) 191113, ¶ 69. "The court deciding the motion must take all reasonable inferences from those facts as true, disregard all conclusory allegations and surplusage, and construe the evidence strictly against the movant." *Id.* "We review *de novo* a trial court's ruling on a motion for judgment on the pleadings." *Id.*

¶ 19    Plaintiff argues the court should have denied defendant's motion for judgment on the pleadings because the Judgment Lien with its attachments constituted a "memorandum" under section 12-101 of the Code to create a judgment lien. Resolving that issue requires us to interpret that section. In doing so, we follow the well-settled rules of statutory construction. Specifically, "[w]hen interpreting statutes, we must ascertain and give effect to legislative intent." *Souza v. City of West Chicago*, 2021 IL App (2d) 200047, ¶ 43. " 'The best indicator of the legislative intent is

the language in the statute, which must be given its plain and ordinary meaning.' " *Id.* (quoting *Dynak v. Board of Education of Wood Dale School District 7*, 2020 IL 125062, ¶ 16). "We must not interpret a statute in a manner that renders other statutory provisions meaningless [citation], nor may we read into statutes exceptions, limitations, or conditions that the General Assembly did not express [citation]." *Id.* Moreover, "we must presume that the legislature did not intend absurd results." *Id.* Like a ruling on a motion for judgment on the pleadings, statutory interpretation is reviewed *de novo*. *Id.*; *Estate of McDonald*, 2020 IL App (2d) 191113, ¶ 69.

¶ 20    With these principles in mind, we turn to section 12-101 of the Code, which provides:

"With respect to the creation of liens on real estate by judgments, all real estate in the State of Illinois is divided into 2 classes.

The first class consists of all real property, the title to which is registered under 'An Act concerning land titles' ***.

The second class consists of all real property not registered under 'An Act concerning land titles'." 735 ILCS 5/12-101 (West 2020).

¶ 21    The parties agree that defendant's property falls under the second class of real property. Regarding that second class of property, section 12-101 of the Code provides:

"As to real estate included within class two, a judgment is a lien on the real estate of the person against whom it is entered in any county in this State, including the county in which it is entered, only from the time *a transcript, certified copy or memorandum* of the judgment is filed in the office of the recorder in the county in which the real estate is located." (Emphasis added.) *Id.*

¶ 22   Plaintiff asserts that what she filed constitutes a "memorandum."[6] Section 12-101 defines "memorandum":

> "The term *'memorandum'* as used in this Section *means a memorandum or copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it* and showing the court in which entered, date, amount, number of the case in which it was entered, name of the party in whose favor and name and last known address of the party against whom entered. If the address of the party against whom the judgment was entered is not known, the memorandum or copy of judgment shall so state." (Emphases added.) *Id.*

¶ 23   Plaintiff argues that the Judgment Lien, together with the attached October 26 and November 30, 2020, orders, constitutes a "memorandum" under section 12-101 of the Code. We disagree. The Judgment Lien was not signed by a judge, contrary to section 12-101. The phrase "signed by a judge" modifies both a "copy of the judgment" and "memorandum." See *In re E.B.*, 231 Ill. 2d 459, 468 (2008) (under "corollary rule to the last antecedent rule," a "qualifying phrase [can] apply to [two] preceding phrases").

¶ 24   Indeed, plaintiff's position that "signed by a judge" modifies only "copy of the judgment" would lead to three absurd results that we must presume the legislature did not intend. See *Souza*, 2021 IL App (2d) 200047, ¶ 43. First, if "signed by a judge" did not modify "memorandum," then "[t]he term 'memorandum' as used in [section 12-101 of the Code]" (735 ILCS 5/12-101 (West 2020)) would be defined as, among other things, simply a "memorandum." We cannot conclude that the legislature saw fit to define "memorandum" using the term "memorandum" and only that

---

[6] Defendant contends that plaintiff never argued in the trial court that her filed documents together constituted a "memorandum." The record belies defendant's argument.

term. Second, to read "signed by a judge" as modifying only "copy of the judgment" would eliminate the "or" between "memorandum" and "copy of a judgment" and replace it with a serial (or Oxford) comma. See *Hatcher v. Hatcher*, 2020 IL App (3d) 180096, ¶ 18 (serial comma separates items in a list). This replacement would distort the text of section 12-101, reading it to say that a " 'memorandum' *** means a memorandum, a copy of the judgment signed by a judge, or a copy of the judgment attested by the clerk of the court entering it." Third, the legislature's requirement that a "copy of the judgment" must either be "signed by a judge" or "attested by the clerk of the court entering it" reveals that the legislature wanted to guarantee the authenticity of the lien on real property. 735 ILCS 5/12-101 (West 2020). Not requiring that a "memorandum" have a comparable authenticity guarantee would be illogical.

¶ 25    The fact that the Judgment Lien was not "signed by a judge" is fatal here. "A judgment lien is purely a statutory creation." *Maniez v. Citibank, F.S.B.*, 383 Ill. App. 3d 38, 41 (2008). "The purpose of [section 12-101] 'is remedial and affords a means of collecting a judgment by forcing the sale of the judgment debtor's property, real or personal, or both, to the extent necessary to satisfy the debt and costs.' " *Id.* (quoting *Haugens v. Holmes*, 314 Ill. App. 166, 169 (1942)). "Strict compliance with section 12-101 is required." *Id.* Thus, the party wishing to create a judgment lien must follow the " 'specific guidelines for the creation of a judgment lien against the real estate of the debtor.' " *Id.* (quoting *Dunn v. Thompson*, 174 Ill. App. 3d 944, 947 (1988)).

¶ 26    Those specific guidelines provide that the memorandum must not only be signed by a judge but also "show[ ] the court in which [it was] entered, date, amount, number of the case in which it was entered, name of the party in whose favor and name and last known address of the party against whom entered." 735 ILCS 5/12-101 (West 2020). Here, the problem is that the Judgment Lien—which (1) shows that the Cook County trial court entered the judgment; (2) attaches the

October 26 and November 30, 2020, Cook County orders; (3) lists $69,372.76 as the judgment; (4) lists case No. 2018-CH-09199; (5) indicates that judgment was entered in plaintiff's favor and against the property of defendant; and (6) provides defendant's address—is not "signed by a judge."

¶ 27    Plaintiff argues that all three documents—the Judgment Lien and the attached October 26 and November 20, 2020, orders—collectively create a valid judgment lien. Citing *Fryman*, plaintiff contends that because (1) the Judgment Lien contains all the necessary components delineated under section 12-101 and (2) the October 26 and November 30, 2020, orders are signed by a judge, the lien against defendant's real property was valid. We disagree.

¶ 28    At issue in *Fryman* was whether a " 'Certified Copy of Judgment' " constituted a memorandum under section 12-101 of the Code. *Fryman*, 236 Ill. App. 3d at 756, 758. In addressing that issue, the court did not conduct any statutory interpretation of section 12-101. Nevertheless, the court determined that "a memorandum of judgment does not need a signature of a judge; only a copy of the judgment itself need be signed by a judge." *Id.* at 758. We believe that *Fryman* was incorrect on this point for the reasons noted above.

¶ 29    Moreover, unlike in *Fryman*—where the " 'Certified Copy of Judgment' " contained all of the information delineated in section 12-101—neither the October 26 nor November 30, 2020, order listed defendant's address. And, unlike in *Fryman*, neither order was final. This lack of finality is yet another proverbial fly in the ointment to plaintiff's claim that the documents attached to her foreclosure complaint constitute a memorandum to create a judgment lien.

¶ 30    "In order to create a lien against real estate, a memorandum of judgment must be recorded and *there must be an enforceable judgment standing behind the memorandum*." (Emphasis added.) *Maniez*, 383 Ill. Ap. 3d at 41. A valid judgment creating a lien " '*must be final*' " and " 'such a

judgment that execution may issue thereon.' " (Emphasis added and internal quotation marks omitted.) *Id.* (quoting *Northwest Diversified, Inc. v. Desai*, 353 Ill. App. 3d 378, 386 (2004)).

¶ 31    Here, the judgment against defendant and in favor of plaintiff was not final until January 14, 2021, when the trial court *sua sponte* vacated the judgment against Mint and thus modified the November 30, 2020, order. See *National Union Fire Insurance Co. of Pittsburgh, PA v. DiMucci*, 2015 IL App (1st) 122725, ¶ 57 ("[A] court is within its discretion to *** *sua sponte* reconsider a prior ruling."). That January 14, 2021, order was entered almost two months after the Judgment Lien, and supporting orders were filed with the McHenry County Recorder's Office. The Judgment Lien, like the October 26 and November 30, 2020, orders, lists Mint as a defendant. Plaintiff asserts "the latter[, *i.e.*, January 14, 2021,] order did not modify any aspect of the order as to [defendant]." This is incorrect. Under the November 30, 2020, order, defendant and Mint were jointly liable for the debt. The January 14, 2021, order, however, made defendant solely liable for that debt. In any event, courts have refused to overlook errors far more minor than the vacatur of a judgment against a defendant in deciding whether a document constituted a memorandum to create a judgment lien. See, *e.g.*, *Maniez*, 383 Ill. App. 3d at 39, 43-44 (memorandum of judgment that listed the date of judgment one day after the actual judgment was entered was invalid even though the actual correct order was filed along with the memorandum of judgment and foreclosure complaint).

¶ 32                           III. CONCLUSION

¶ 33    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 34    Affirmed.

**No. 2-21-0489**

| | |
|---|---|
| **Cite as:** | *Rivtis v. Turan*, 2022 IL App (2d) 210489 |
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 21-CH-8; the Hon. Suzanne C. Mangiamele, Judge, presiding. |
| **Attorneys for Appellant:** | Charles Aaron Silverman, of Charles Aaron Silverman, P.C., of Skokie, for appellant. |
| **Attorneys for Appellee:** | Adam J. Augustynski, of Chicago, for appellee. |